■ Vakhtang Shevardenidze et al., Respondents, v Raymond Vaiana, Appellant, et al., Defendant. [875 NYS2d 119]—

In an action, inter alia, to recover damages for personal injuries, the defendant Raymond Vaiana appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Dorsa, J.), dated March 31, 2008, as denied his cross motion, in effect, for summary judgment dismissing the first, second, third, and fourth causes of action insofar as asserted against him on the ground that none of the plaintiffs sustained a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the cross motion, in effect, for summary judgment dismissing the first, second, third, and fourth causes of action insofar as asserted against Raymond Vaiana is granted.

This action arises from a two-car accident in which a motor vehicle driven by the appellant rear-ended the motor vehicle occupied by the four plaintiffs. In the first through fourth causes of action in their complaint, each of the plaintiffs alleged that they sustained serious injuries as a result of the accident. After discovery, the appellant cross-moved, in effect, for summary judgment dismissing those causes of action on the ground that none of the plaintiffs sustained a serious injury within the meaning of Insurance Law § 5102 (d). The Supreme Court denied the cross motion. We reverse.

Contrary to the Supreme Court's determination, the appellant established a prima facie case that none of the plaintiffs sustained a serious injury within the meaning of Insurance Law § 5102 (d) through his submission of their deposition testimonies and the affirmed medical reports of his expert orthopedist and neurologist, who examined the plaintiffs and concluded that they were not disabled (see Toure v Avis Rent A Car Sys., 98 NY2d 345, 352 [2002]; Gaddy v Eyler, 79 NY2d 955, 956, 957 [1992]; Kearse v New York City Tr. Auth., 16 AD3d 45, 51-52 [2005]). The appellant's examining experts concluded, based on objective range of motion tests, that the plaintiffs had full range of motion in, inter alia, their cervical and lumbar spines.

In opposition to the cross motion, the plaintiffs failed to demonstrate the existence of a triable issue of fact. The only admissible medical evidence submitted by the plaintiffs in opposition to the cross motion were affirmed medical reports prepared by Dr. Rondolph Rosarion. As Dr. Rosarion did not examine the

plaintiffs until more than three years after the subject motor vehicle accident, the limitations he found in the plaintiffs' ranges of motion were not contemporaneous with the subject accident (*see Morris v Edmond,* 48 AD3d 432, 433 [2008]; *D'Onofrio v Floton, Inc.,* 45 AD3d 525 [2007]). Therefore, the Supreme Court should have granted the appellant's cross motion. Fisher, J.P., Miller, Carni and Balkin, JJ., concur.