■ LAWRENCE O. BENNETT et al., Appellants, v DUSHANI A. GENAS et al., Respondents. [813 NYS2d 446]—

In an action, inter alia, to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Dutchess County (Brands, J.), dated October 21, 2004, which granted the defendants' motion for summary judgment dismissing the complaint on the ground that the plaintiff Lawrence O. Bennett did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is affirmed, with costs.

The defendants made a prima facie showing that Lawrence O. Bennett (hereinafter the injured plaintiff) did not sustain a serious injury within the permanent consequential limitation or significant limitation categories of Insurance Law § 5102 (d) (*see Toure v Avis Rent A Car Sys.,* 98 NY2d 345 [2002]; *Gaddy v Eyler,* 79 NY2d 955 [1992]). In opposition, the plaintiffs failed to raise a triable issue of fact. The plaintiffs' reliance on the report and medical records of Dr. Manlapaz, a neurologist, as well as the affirmations and reports of Dr. George, a physician, failed to raise a triable issue of fact since neither doctor indicated in their respective records, reports, or affirmations their awareness that the injured plaintiff, Lawrence O. Bennett

(hereinafter the injured plaintiff), was involved in two prior automobile accidents in 1978 and 1995, in which he sustained, inter alia, neck and back injuries. Therefore, their medical opinions that the subject accident caused the injuries observed by them were conclusory and speculative (see *Allyn v Hanley*, 2 AD3d 470 [2003]; *Ifrach v Neiman*, 306 AD2d 380 [2003]; *Ginty v MacNamara*, 300 AD2d 624 [2002]). The plaintiffs' reliance on the medical reports of Jeffrey Pracella, a chiropractor, is also misplaced. While Dr. Pracella acknowledged that the injured plaintiff was involved in two prior accidents, his June 25, 2001, report stated that the plaintiff did not suffer from any current disabilities. Moreover, neither Pracella's June 25, 2001 report, nor his November 5, 2001 report stated that any of the injured plaintiff's injuries were significant or permanent in nature (see *Ibragimov v Hutchins*, 8 AD3d 235 [2004]).

The reports and records of Ronald Manoni, a chiropractor, also failed to raise a triable issue of fact. Although Manoni had recently evaluated the injured plaintiff, he failed, both in his July 19, 2004 report, and in his previous reports and records, to adequately quantify the alleged range of motion limitations of the injured plaintiff's cervical spine or lower back (see *Manceri v Bowe*, 19 AD3d 462 [2005]; see also *Claude v Clements*, 301 AD2d 554 [2003]; cf. *Mazo v Wolofsky*, 9 AD3d 452 [2004]; *Aronov v Leybovich*, 3 AD3d 511 [2004]). Moreover, a 2½-year gap between the conclusion of the injured plaintiff's treatment by Manoni and his most recent examination was not adequately explained (see *Pommells v Perez*, 4 NY3d 566 [2005]; *Sibrizzi v Davis*, 7 AD3d 691 [2004]; cf. *Black v Robinson*, 305 AD2d 438 [2003]). Thus, the Supreme Court correctly granted the defendants' motion for summary judgment dismissing the complaint on the ground that the injured plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d). Florio, J.P., Santucci, Mastro, Rivera and Covello, JJ., concur.