MARIE VIDOR et al., Respondents, v CARLOS DAVILA et al., Appellants, et al., Defendant. [830 NYS2d 772]—

In an action to recover damages for personal injuries, etc., the defendants Carlos Davila and Cornel Bran appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Douglass, J.), entered January 23, 2006, as denied their motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them on the ground that the plaintiff Marie Vidor did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against the defendants Carlos Davila and Cornel Bran is granted.

The defendants Carlos Davila and Cornel Bran met their prima facie burden on their motion of establishing that the injured plaintiff, Marie Vidor (hereinafter the injured plaintiff), did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345 [2002]; Gaddy v Eyler, 79 NY2d 955 [1992]). In opposition, the plaintiffs failed to raise a triable issue of fact. The affirmation of the injured plaintiff's treating physician, and his affirmed reports, were insufficient to raise a triable issue of fact. While the affirmation of the injured plaintiff's treating physician dated November 4, 2005 acknowledged for the first time that the injured plaintiff had sustained neck and back injuries as a result of a prior automobile accident in 1996, he merely took the injured plaintiff's word for the fact that those injuries were "minor" and that she was asymptomatic for the approximately four years before the subject accident. There is nothing in his affirmation to indicate that he reviewed, or attempted to review, any of the medical records from that prior accident. Rather, the only basis for his statement appears to be the medical history related to him by the injured plaintiff. Under these circumstances, the injured plaintiff's treating physician failed to adequately account for the prior accident and resulting injuries. Thus, this physician's findings, both in his af-

firmation and affirmed reports, that the injuries to the injured plaintiff's spine were caused by the subject accident were speculative (*see Moore v Sarwar*, 29 AD3d 752, 753 [2006]; *Ponce v Magliulo*, 10 AD3d 644 [2004]).

The magnetic resonance images of the plaintiff's cervical and lumbar spine which showed bulging and herniated discs did not, alone, establish a serious injury (*see Yakubov v CG Trans Corp.*, 30 AD3d 509, 510 [2006]; *Cerisier v Thibiu*, 29 AD3d 507, 508 [2006]; *Kearse v New York City Tr. Auth.*, 16 AD3d 45, 49 [2005]). The mere existence of a bulging or herniated disc is not evidence of a serious injury in the absence of objective evidence of the extent of the alleged physical limitations resulting from the disc injury and its duration (*see Yakubov v CG Trans Corp., supra; Kearse v New York City Tr. Auth., supra*). The injured plaintiff's self-serving affidavit was insufficient to meet that requirement (*see Yakubov v CG Trans Corp., supra*). The remaining submissions of the plaintiffs were without probative value in opposing the motion since they were unsworn/unaffirmed or uncertified (*see Grasso v Angerami*, 79 NY2d 813, 814-815 [1991]; *Felix v New York City Tr. Auth.*, 32 AD3d 527, 528 [2006]; *Yakubov v CG Trans Corp., supra; Pagano v Kingsbury*, 182 AD2d 268, 270 [1992]; *see also* CPLR 4518 [c]).

In light of the above, the plaintiffs also failed to establish that the injured plaintiff was unable to perform substantially all of her daily activities for not less than 90 of the first 180 days subsequent to the subject accident (*see Felix v New York City Tr. Auth., supra; Sainte-Aime v Ho*, 274 AD2d 569 [2000]). Crane, J.P., Mastro, Santucci and Lifson, JJ., concur.