■ ELVIRA E. PENALOZA, Respondent, v RAMON G. CHAVEZ et al., Appellants, et al., Defendants. [852 NYS2d 315]—

In an action to recover damages for personal injuries, the defendants Ramon G. Chavez and Jose F. Rosa appeal from an order of the Supreme Court, Queens County (Kelly, J.), dated May 22, 2007, which denied their motion for summary judgment dismissing the complaint insofar as asserted against them on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with costs, and the motion of the defendants Ramon G. Chavez and Jose F. Rosa for summary judgment dismissing the complaint insofar as asserted against them is granted.

The defendants Ramon G. Chavez and Jose F. Rosa (hereinafter the appellants) made a prima facie showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure*

*v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler,* 79 NY2d 955, 956-957 [1992]; *see also Kearse v New York City Tr. Auth.,* 16 AD3d 45, 49-50 [2005]).

In opposition, the plaintiff failed to raise a triable issue of fact. The affirmation of the plaintiff's treating neurologist Dr. David Zelefsky noted significant range of motion limitations in the plaintiff's cervical and lumbar spine based on recent and contemporaneous range of motion testing. Despite the fact that he concluded that the cervical and lumbar spine injuries and limitations were the result of the subject accident and were permanent, he failed to adequately address the fact that the plaintiff had two prior accidents in which she injured her back and neck. While he did make a notation in his affirmation that she was involved in the two prior accidents, he merely took the plaintiff's word for the fact that the plaintiff recovered from any injuries sustained therein. Dr. Zelefsky never reviewed any of the plaintiff's prior medical records related to those accidents (*see Vidor v Davila,* 37 AD3d 826 [2007]). Due to his failure to adequately address these two prior accidents, his conclusions that the injuries and limitations noted in the plaintiff's cervical and lumbar spines were the result of the subject accident were clearly rendered speculative (*see Vidor v Davila,* 37 AD3d 826 [2007]; *Moore v Sarwar,* 29 AD3d 752 [2006]; *Bennett v Genas,* 27 AD3d 601 [2006]; *Allyn v Hanley,* 2 AD3d 470 [2003]).

The magnetic resonance imaging reports of the cervical, thoracic, and lumbar regions of the plaintiff's spine revealed merely that, as of mid 2006, she showed evidence of bulging discs in the lumbar and thoracic spine, as well as a herniated disc in the cervical spine. The mere existence of a herniated or bulging disc is not evidence of a serious injury in the absence of objective evidence of the extent of the alleged physical limitations resulting from the disc injury and its duration (*see Siegel v Sumaliyev,* 46 AD3d 666 [2007]; *Mejia v DeRose,* 35 AD3d 407, 407-408 [2006]; *Yakubov v CG Trans Corp.,* 30 AD3d 509, 510 [2006]; *Cerisier v Thibiu,* 29 AD3d 507, 508 [2006]; *Bravo v Rehman,* 28 AD3d 694, 695 [2006]; *Kearse v New York City Tr. Auth.,* 16 AD3d 45, 49-50 [2005]; *Diaz v Turner,* 306 AD2d 241, 242 [2003]). Moreover, none of the plaintiff's treating radiologists gave any opinion in their reports as to the cause of the pathology noted within those reports (*see Collins v Stone,* 8 AD3d 321, 322 [2004]). The plaintiff's self-serving affidavit was insufficient to raise a triable issue of fact as to whether she sustained a serious injury within the meaning of the no-fault statute (*see Roman v Fast Lane Car Serv., Inc.,* 46 AD3d 535 [2007]; *Fisher v Williams,* 289 AD2d 288, 289 [2001]). The plaintiff failed to proffer

competent medical evidence that she sustained a medically-determined injury of a nonpermanent nature which prevented her, for 90 of the 180 days following the subject accident, from performing her usual and customary activities (*see Sainte-Aime v Ho,* 274 AD2d 569, 569-570 [2000]). Mastro, J.P., Fisher, Florio, Angiolillo and Dickerson, JJ., concur.