■ THEODORE KILAKOS, Respondent, v CHRISTOPHER MASCERA, Appellant. [862 NYS2d 529]—

In an action to recover damages for personal injuries, the defendant appeals from a judgment of the Supreme Court, Queens County (Kelly, J.), entered March 28, 2007, which, upon a jury verdict, and upon the denial of his motion pursuant to CPLR 4401 for judgment as a matter of law for the plaintiff's failure to establish a prima facie case, is in favor of the plaintiff and against him in the principal sum of $250,000.

Ordered that the judgment is reversed, on the law, with costs, the defendant's motion pursuant to CPLR 4401 for judgment as a matter of law is granted, and the complaint is dismissed.

The plaintiff commenced this action to recover damages allegedly arising from a motor vehicle accident which occurred in August 2003. The defendant conceded liability and the matter proceeded to trial on the issue of whether the plaintiff sustained a "serious injury" within the meaning of Insurance Law § 5102 (d) and, if so, for an award of any damages that were warranted. The jury found that the plaintiff sustained a "significant limitation of use of a body function or system" (Insurance Law § 5102 [d]) from the accident to his back, and awarded damages. The Supreme Court, inter alia, denied the defendant's motion pursuant to CPLR 4401 for judgment as a matter of law for the plaintiff's failure to establish a prima facie case. We reverse.

A motion pursuant to CPLR 4401 for judgment as a matter of law may only be granted when, upon the evidence presented, there is no valid line of reasoning and permissible inferences which could possibly lead rational persons to the conclusion reached by the jury upon the evidence presented at trial, and no rational process by which the jury could find in favor of the nonmoving party (see Hamilton v Rouse, 46 AD3d 514 [2007]). The court must consider the facts in a light most favorable to the nonmoving party, and afford that party the benefit of every favorable inference that may be properly drawn therefrom (see Hamilton v Rouse, 46 AD3d 514 [2007]). Here, viewing the evidence in the light most favorable to the plaintiff, and affording him every favorable inference, no rational jury could have concluded that he sustained a "significant limitation of use of a body function or system" within the meaning of Insurance Law § 5102 (d). The mere existence of herniated or bulging discs, and even radiculopathy, is not evidence of a serious injury in the

absence of objective evidence of the extent of the alleged physical limitations resulting from the disc injury and its duration (*see Sharma v Diaz*, 48 AD3d 442 [2008]). Here, the plaintiff's expert witness admittedly never recorded any range-of-motion findings, nor compared his findings to normal ranges of motion (*see Morris v Edmond*, 48 AD3d 432 [2008]). Rather, he merely made the conclusory assertion that the plaintiff suffered an approximately 30% limitation in various ranges of motion. Finally, neither the plaintiff nor his expert established that the damages at issue arose from the subject accident rather than from a prior motor vehicle accident in December 2000 during which the plaintiff sustained, inter alia, a fractured hip and herniated discs in his lumbar spine.

In light of our determination, the defendant's remaining contentions need not be reached. Rivera, J.P., Ritter, Miller and Dillon, JJ., concur.