■ Curtis V. Sealy, 3rd, Appellant, v Riteway-1, Inc., et al., Respondents. [865 NYS2d 129]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Vaughan, J.), dated August 8, 2007, which granted the defendants' motion for summary judgment dismissing the complaint on the ground that he did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is affirmed, with costs.

The defendants met their prima facie burden by showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.,* 98 NY2d 345 [2002]; *Gaddy v Eyler,* 79 NY2d 955, 956-957 [1992]; *see also Meyers v Bobower Yeshiva Bnei Zion,* 20 AD3d 456 [2005]). In opposition, the plaintiff failed to raise a triable issue of fact. Dr. Scott Leist, the plaintiff's treating chiropractor, concluded in his affidavit that the plaintiff sustained a permanent disability. However, while Dr. Leist provided recent range-of-motion findings which showed that the plaintiff had significant range-of-motion limitations in the lumbar and cervical regions of his spine, neither he nor the plaintiff proffered competent objective medical evidence that showed range of motion limitations in those regions of his spine that were roughly contemporaneous with the subject accident

(*see Silla v Mohammad,* 52 AD3d 681 [2008]; *Perdomo v Scott,* 50 AD3d 1115 [2008]; *Scotto v Suh,* 50 AD3d 1012 [2008]; *Ferraro v Ridge Car Serv.,* 49 AD3d 498 [2008]; *D'Onofrio v Floton, Inc.,* 45 AD3d 525 [2007]; *Morales v Daves,* 43 AD3d 1118 [2007]; *Rodriguez v Cesar,* 40 AD3d 731, 733 [2007]; *Borgella v D & L Taxi Corp.,* 38 AD3d 701, 702 [2007]). The affirmations of Dr. Richard J. Rizzuti, the plaintiff's treating radiologist, merely established that as of July 10, 2003, $1^{1}/_{2}$ months after the subject accident, the plaintiff had evidence of herniated discs at L4-5 and L5-S1, and bulging discs at C5-6 and C6-7. The mere existence of herniated or bulging discs is not evidence of a serious injury in the absence of objective evidence of the extent of the alleged physical limitations resulting from the disc injury and its duration (*see Kilakos v Mascera,* 53 AD3d 527 [2008]; *Cerisier v Thibiu,* 29 AD3d 507 [2006]; *Bravo v Rehman,* 28 AD3d 694 [2006]; *Kearse v New York City Tr. Auth.,* 16 AD3d 45 [2005]). The self-serving affidavit of the plaintiff was insufficient to meet this requirement (*see Hargrove v New York City Tr. Auth.,* 49 AD3d 692 [2008]; *Shvartsman v Vildman,* 47 AD3d 700 [2008]; *Tobias v Chupenko,* 41 AD3d 583 [2007]).

The plaintiff failed to explain the lengthy gap between when he stopped treatment in June 2005 and his most recent examination by Dr. Leist in January 2007 (*see Pommells v Perez,* 4 NY3d 566 [2005]; *Cornelius v Cintas Corp.,* 50 AD3d 1085 [2008]; *Berktas v McMillian,* 40 AD3d 563 [2007]; *Waring v Guirguis,* 39 AD3d 741 [2007]; *Phillips v Zilinsky,* 39 AD3d 728 [2007]). The plaintiff also failed to proffer competent medical evidence showing that he was unable to perform substantially all of his daily activities for not less than 90 of the first 180 days subsequent to the subject accident (*see Ramirez v Parache,* 31 AD3d 415 [2006]; *Sainte-Aime v Ho,* 274 AD2d 569 [2000]). Spolzino, J.P., Santucci, Miller, Dickerson and Eng, JJ., concur.