DAVID MICHAEL JOSEPH, Respondent, v A AND H LIVERY et al., Appellants, et al., Defendants. [871 NYS2d 663]—

In an action to recover damages for personal injuries, the defendants A and H Livery and Jean Ermilus appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Bayne, J.), dated March 19, 2008, as denied their motion for summary judgment dismissing the complaint insofar as asserted against them on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the motion of the defendants A and H Livery and Jean Ermilus for summary judgment dismissing the complaint insofar as asserted against them is granted.

The defendants A and H Livery and Jean Ermilus (hereinafter together the defendants) met their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955 [1992]). Contrary to the Supreme Court's determination, in opposition, the plaintiff failed to raise a triable issue of fact.

While the report of Dr. Jerry Lubliner, the plaintiff's treating orthopedist, set forth significant range-of-motion limitations in the plaintiff's cervical and lumbar spine based on a recent examination, the plaintiff failed to proffer competent medical evidence revealing the existence of limitations in these regions of his spine that were roughly contemporaneous with the subject accident (*see Leeber v Ward*, 55 AD3d 563 [2008]; *Ferraro v Ridge Car Serv.*, 49 AD3d 498 [2008]; *D'Onofrio v Floton, Inc.*, 45 AD3d 525 [2007]; *Borgella v D & L Taxi Corp.*, 38 AD3d 701, 702 [2007]). Moreover, Dr. Lubliner failed to acknowledge that the plaintiff sustained injuries to his neck and back as a result of a prior accident. Accordingly, Dr. Lubliner's conclusions that the injuries and limitations noted in the plaintiff's cervical and

lumbar spine resulted from the subject accident were merely speculative (*see Rabolt v Park,* 50 AD3d 995 [2008]; *Penaloza v Chavez,* 48 AD3d 654 [2008]; *Zinger v Zylberberg,* 35 AD3d 851 [2006]; *Bennett v Genas,* 27 AD3d 601 [2006]; *Allyn v Hanley,* 2 AD3d 470 [2003]).

The affirmed magnetic resonance imaging (hereinafter MRI) reports of Dr. Mark Shapiro also failed to raise a triable issue of fact. Dr. Shapiro's reports merely established that as of November 17, 2003 and November 25, 2003, approximately one month after the subject accident, the plaintiff had disc bulges at C3-4, C4-5, C5-6, C6-7, and L4-5, as well as a disc herniation at L5-S1. The mere existence of a herniated or bulging disc is not evidence of a serious injury in the absence of objective evidence of the extent of the alleged physical limitations resulting from the disc injury and its duration (*see Sealy v Riteway-1, Inc.,* 54 AD3d 1018 [2008]; *Kilakos v Mascera,* 53 AD3d 527 [2008]; *Cerisier v Thibiu,* 29 AD3d 507 [2006]; *Kearse v New York City Tr. Auth.,* 16 AD3d 45 [2005]). The plaintiff's self-serving affidavit was insufficient to satisfy that requirement (*see Rabolt v Park,* 50 AD3d 995 [2008]; *Young Soo Lee v Troia,* 41 AD3d 469 [2007]; *Nannarone v Ott,* 41 AD3d 441 [2007]).

The plaintiff's remaining submissions did not constitute competent evidence sufficient to oppose the defendants' motion since they were unsworn, unaffirmed, or uncertified (*see Grasso v Angerami,* 79 NY2d 813 [1991]; *Uribe-Zapata v Capallan,* 54 AD3d 936 [2008]; *Patterson v NY Alarm Response Corp.,* 45 AD3d 656 [2007]; *Nociforo v Penna,* 42 AD3d 514 [2007]; *Borgella v D & L Taxi Corp.,* 38 AD3d at 702).

Finally, the plaintiff failed to submit competent medical evidence that he sustained a medically-determined injury of a nonpermanent nature that prevented him from performing his usual and customary activities for not less than 90 days of the first 180 days subsequent to the subject accident (*see Eldrainy v Hassain,* 56 AD3d 419 [2008]; *Penaloza v Chavez,* 48 AD3d 654 [2008]; *Sainte-Aime v Ho,* 274 AD2d 569, 570 [2000]). Rivera, J.P., Florio, Angiolillo, McCarthy and Chambers, JJ., concur.