GARRY R. JULES et al., Appellants, v MARIA CALDERON, Respondent. [880 NYS2d 131]—

In an action to recover damages for personal injuries, the plaintiffs appeal from an order of the Supreme Court, Nassau County (Palmieri, J.), entered February 15, 2008, which granted the defendant's motion for summary judgment dismissing the complaint insofar as asserted by the plaintiff Garry R. Jules on the ground that Garry R. Jules did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the appeal by the plaintiff Frantzi Jules is dismissed, without costs or disbursements, as that plaintiff is not aggrieved by the order appealed from (*see* CPLR 5511); and it is further,

Ordered that the order is affirmed on the appeal by the plaintiff Garry R. Jules, with costs.

The defendant met her prima facie burden of showing that the plaintiff Garry R. Jules (hereinafter the plaintiff) did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955 [1992]; *see also Kearse v New York City Tr. Auth.*, 16 AD3d 45, 49-50 [2005]). In opposition, the plaintiff failed to raise a triable issue of fact.

As to the plaintiff's left knee, while he submitted medical evidence that a recent examination revealed limitations therein, he failed to proffer any objective medical evidence of the existence of a significant limitation in his left knee that was contemporaneous with the subject accident (*see Garcia v Lopez*, 59 AD3d 593, 594 [2009]; *Leeber v Ward*, 55 AD3d 563 [2008]; *Ferraro v Ridge Car Serv.*, 49 AD3d 498 [2008]; *D'Onofrio v Floton, Inc.*, 45 AD3d 525 [2007]).

As to the plaintiff's lumbar and cervical spines, the submissions of Dr. Jerry A. Lubliner and Dr. Theodore Leslie Dantes revealed significant limitations in the lumbar and cervical regions of his spine both contemporaneously with the subject accident and more recently. However, neither expert addressed the fact that the plaintiff was involved in a prior accident in 2003, as well as a subsequent accident in 2005, in which he injured his neck and back. The failure to address these prior and subsequent accidents and injuries rendered speculative the conclusions of those experts that the injuries and limitations they noted in the plaintiff's cervical and lumbar regions were caused by the subject accident (*see Joseph v A & H Livery*, 58

AD3d 688 [2009]; *Sapienza v Ruggiero*, 57 AD3d 643 [2008]; *Zinger v Zylberberg*, 35 AD3d 851 [2006]; *Baksh v Shabi*, 32 AD3d 525 [2006]; *see also Penaloza v Chavez*, 48 AD3d 654 [2008]; *Vidor v Davila*, 37 AD3d 826 [2007]).

The affirmed magnetic resonance imaging report of the plaintiff's cervical spine, dated June 14, 2004, merely revealed the existence of a herniated disc at C5-6. The mere existence of a herniated disc is not evidence of a serious injury in the absence of objective evidence of the extent of the alleged physical limitations resulting from the disc injury and its duration (*see Sealy v Riteway-1, Inc.*, 54 AD3d 1018 [2008]; *Kilakos v Mascera*, 53 AD3d 527 [2008]; *Cerisier v Thibiu*, 29 AD3d 507 [2006]; *Bravo v Rehman*, 28 AD3d 694 [2006]; *Kearse v New York City Tr. Auth.*, 16 AD3d 45 [2005]). The plaintiff's affidavit was insufficient to meet this requirement (*see Ferber v Madorran*, 60 AD3d 725 [2009]; *Ponciano v Schaefer*, 59 AD3d 605 [2009]; *Luna v Mann*, 58 AD3d 699 [2009]).

The plaintiff failed to submit competent medical evidence that the injuries he allegedly sustained in the subject accident rendered him unable to perform substantially all of his usual and customary daily activities for not less than 90 days of the first 180 days subsequent to the subject accident (*see Roman v Fast Lane Car Serv., Inc.*, 46 AD3d 535 [2007]; *Sainte-Aime v Ho*, 274 AD2d 569 [2000]). Rivera, J.P., Dillon, Covello, Eng and Hall, JJ., concur. [*See* 19 Misc 3d 1111(A), 2008 NY Slip Op 50640(U).]