■ KEUM LEE JEONG, Appellant, v IMPERIAL CONTRACT CLEANING, INC., et al., Respondents. [880 NYS2d 511]—

In an action, inter alia, to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Dollard, J.), entered March 12, 2008, which granted the defendants' motion for summary judgment dismissing the complaint on the ground that she did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is denied.

The defendants met their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]; *see also Kearse v New York City Tr. Auth.*, 16 AD3d 45, 49-50 [2005]). However, in opposition, the plaintiff raised a triable issue of fact through the affidavit of her treating physician Dr. Sung J. Pahng as to whether she sustained a serious injury to, among other things, her neck and lower back. Contrary to the Supreme Court's determination, Dr. Pahng acknowledged and addressed the fact that the plaintiff was involved in a prior accident in 2003 in which she injured her neck and back. Accordingly, his conclusions that the plaintiff sustained, as a result of the subject accident, significant limitations of a permanent nature, were not merely speculative (*cf. Joseph v A & H Livery*, 58 AD3d 688 [2009]; *Moore v Sarwar*, 29 AD3d 752 [2006]; *Bennett v Genas*, 27 AD3d 601 [2006]; *Allyn v Hanley*, 2 AD3d 470 [2003]). Skelos, J.P., Florio, Balkin, Belen and Austin, JJ., concur.