■ DENNIS SUTTON et al., Respondents, v ROBERT LYNN YENER et al., Appellants. [884 NYS2d 163]—

In an action to recover damages for personal injuries, etc., the defendants appeal from an order of the Supreme Court, Kings County (Schack, J.), dated November 21, 2008, which denied their motion for summary judgment dismissing the complaint on the ground that neither the plaintiff Dennis Sutton nor the plaintiff Lacy Ann Small sustained a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is granted.

The defendants met their prima facie burden of showing that the plaintiffs Dennis Sutton and Lacy Ann Small (hereinafter together the injured plaintiffs) did not sustain serious injuries within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]; *see also Kearse v New York City Tr. Auth.*, 16 AD3d 45 [2005]). In opposition, the plaintiffs failed to raise a triable issue of fact. Initially, Dennis' hospital records, submitted by the plaintiffs, were not in admissible form because they were unsworn (*see McNeil v New York City Tr. Auth.*, 60 AD3d 1018 [2009]; *Sapienza v Ruggiero*, 57 AD3d 643 [2008]; *Choi Ping Wong v Innocent*, 54 AD3d 384 [2008]).

The affirmed medical reports of the injured plaintiffs' treating physician, Dr. Jorge Rivero, failed to raise a triable issue of fact. While he noted range-of-motion limitations in the cervical and lumbar regions of the injured plaintiffs' respective spines, neither he nor the plaintiffs proffered any competent objective medical evidence that revealed the existence of range-of-motion limitations in those areas that were contemporaneous with the subject accident (*see Jules v Calderon*, 62 AD3d 958 [2009]; *Garcia v Lopez*, 59 AD3d 593 [2009]; *Leeber v Ward*, 55 AD3d 563 [2008]; *Ferraro v Ridge Car Serv.*, 49 AD3d 498 [2008]; *D'Onofrio v Floton, Inc.*, 45 AD3d 525 [2007]).

While the plaintiffs properly relied upon the unsworn magnetic resonance imaging (hereinafter MRI) reports concern-

ing the injured plaintiffs (*see Thompson v Saunders*, 57 AD3d 971 [2008]; *Williams v Clark*, 54 AD3d 942 [2008]; *Zarate v McDonald*, 31 AD3d 632 [2006]; *Ayzen v Melendez*, 299 AD2d 381 [2002]), those reports failed to raise a triable issue of fact on their own. The MRI reports merely revealed the existence of bulging discs at L4-5, L5-S1, and C5-6 in Dennis's spine, and bulging discs at C5-6 and C6-7 in Lacy Ann's cervical spine. The mere existence of a bulging disc is not evidence of a serious injury in the absence of objective evidence of the extent of the alleged physical limitations resulting from the disc injury and its duration (*see Sealy v Riteway-1, Inc.*, 54 AD3d 1018 [2008]; *Kilakos v Mascera*, 53 AD3d 527 [2008]; *Cerisier v Thibiu*, 29 AD3d 507 [2006]; *Bravo v Rehman*, 28 AD3d 694 [2006]; *Kearse v New York City Tr. Auth.*, 16 AD3d 45 [2005]). The plaintiffs failed to supply such objective medical evidence.

The plaintiffs failed to submit competent medical evidence demonstrating that the injuries the injured plaintiffs allegedly sustained in the subject accident rendered them unable to perform substantially all of their usual and customary daily activities for not less than 90 days of the first 180 days subsequent to the subject accident (*see Roman v Fast Lane Car Serv., Inc.*, 46 AD3d 535 [2007]; *Sainte-Aime v Ho*, 274 AD2d 569 [2000]). Mastro, J.P., Miller, Dickerson and Chambers, JJ., concur.