■ MANJU CHANDA, Appellant, v KALATHIL VARUGHESE, Respondent. [890 NYS2d 88]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Adams, J.), dated March 17, 2009, which granted the defendant's motion for summary judgment dismissing the complaint on the ground that she did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is affirmed, with costs.

The defendant met his prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.,* 98 NY2d 345 [2002]; *Gaddy v Eyler,* 79 NY2d 955, 956-957 [1992]).

In opposition, the plaintiff failed to raise a triable issue of fact. The plaintiff principally relied upon the affidavit of her treating chiropractor, and while that chiropractor noted therein significant limitations in the ranges of motion of the cervical and thoracolumbar regions of the plaintiff's spine, which were based on his contemporaneous and recent examinations of the plaintiff, he failed to acknowledge that the plaintiff previously injured the cervical and lumbar regions of her spine in a prior 2004 accident. That failure rendered speculative his conclusion that the injuries and limitations observed by him were the result of the subject accident (*see Joseph v A & H Livery,* 58 AD3d 688 [2009]; *Penaloza v Chavez,* 48 AD3d 654 [2008]; *Zinger v Zylberberg,* 35 AD3d 851, 852 [2006]; *Tudisco v James,* 28 AD3d 536 [2006]; *Bennett v Genas,* 27 AD3d 601 [2006]; *Allyn v Hanley,* 2 AD3d 470 [2003]).

The plaintiff's affirmed magnetic resonance imaging reports merely showed that, as of February and March 2006, the plaintiff had evidence of bulging discs at L2-3, L3-4, and L4-5, as well as herniated discs at L3-4, L4-5, L5-S1, C4-5, and C5-6. The mere existence of a herniated or bulging disc is not evidence of a serious injury in the absence of objective evidence of the extent of the alleged physical limitations resulting from the

disc injury, as well as its duration (*see Niles v Lam Pakie Ho,* 61 AD3d 657 [2009]; *Sealy v Riteway-1, Inc.,* 54 AD3d 1018 [2008]; *Kilakos v Mascera,* 53 AD3d 527 [2008]; *Cerisier v Thibiu,* 29 AD3d 507 [2006]; *Bravo v Rehman,* 28 AD3d 694 [2006]; *Kearse v New York City Tr. Auth.,* 16 AD3d 45, 49 [2005]).

The plaintiff's medical reports from North Shore University Hospital were unaffirmed and thus insufficient to raise a triable issue of fact (*see Grasso v Angerami,* 79 NY2d 813 [1991]; *Sutton v Yener,* 65 AD3d 625 [2009]; *McNeil v New York City Tr. Auth.,* 60 AD3d 1018 [2009]; *Sapienza v Ruggiero,* 57 AD3d 643 [2008]). Rivera, J.P., Covello, Angiolillo, Leventhal and Roman, JJ., concur.