■ ELIZABETH LARSON, Appellant, v JAIME DELGADO, Respondent. [897 NYS2d 167]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Schneier, J.), dated January 30, 2009, which granted the defendant's motion for summary judgment dismissing the complaint on the ground that she did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is affirmed, with costs.

In this action to recover damages for personal injuries allegedly sustained in an automobile accident, the defendant moved for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d). The Supreme Court granted the defendant's motion, finding, in effect, inter alia, that after the defendant established his prima facie entitlement to judgment as a matter of law, the plaintiff failed to raise a triable issue of fact because she did not present evidence of range-of-motion limitations contemporaneous with the accident. We affirm, albeit on a different ground.

The defendant met his prima facie burden of establishing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345, 350-351 [2002]; Gaddy v Eyler, 79 NY2d 955, 956-957 [1992]). In opposition, the plaintiff failed to raise a triable issue of fact.

The affirmed medical reports of the plaintiff's treating and examining physicians, Dr. Lyudmila Konon, Dr. Victor Katz, and Dr. Gary Starkman, failed to address the findings of the defendant's radiologist, Dr. Robert Tantleff, who concluded that the injuries to the cervical and lumbar regions of the plaintiff's spine and the left knee were degenerative in nature and unrelated to the subject accident. Thus, any conclusions of the plaintiff's physicians that the injuries and limitations noted during their respective examinations were the result of the subject accident were speculative (see Nicholson v Allen, 62 AD3d 766 [2009]; Shmerkovich v Sitar Corp., 61 AD3d 843 [2009]; Johnson v Berger, 56 AD3d 725 [2008]; Ciordia v Luchian, 54 AD3d 708 [2008]).

Furthermore, the affirmed magnetic resonance imaging reports of Dr. Charles DeMarco and Dr. Charles Cooper merely revealed the existence of a tear of the medial meniscus in the plaintiff's left knee and various bulging discs in the cervical and lumbar regions of her spine. This Court has routinely held that a tear in tendons, as well as a tear in a ligament, or a bulging disc is not evidence of a serious injury in the absence of objective evidence of the extent of the alleged physical limitations

resulting from the injury and its duration (*see Ciancio v Nolan,* 65 AD3d 1273 [2009]; *Niles v Lam Pakie Ho,* 61 AD3d 657 [2009]; *Sealy v Riteway-1, Inc.,* 54 AD3d 1018 [2008]; *Kilakos v Mascera,* 53 AD3d 527 [2008]; *Cornelius v Cintas Corp.,* 50 AD3d 1085, 1087 [2008]). Here, the plaintiff failed to submit any such evidence in opposition to the defendant's motion. The affidavit of the plaintiff also was insufficient to meet this standard (*see Luizzi-Schwenk v Singh,* 58 AD3d 811, 812 [2009]; *Sealy v Riteway-1, Inc.,* 54 AD3d 1018 [2008]).

The plaintiff's remaining contention is without merit. Fisher, J.P., Santucci, Angiolillo and Lott, JJ., concur.