■ RICHAUN LITTLE, Appellant, v FOGAN LOCOH et al., Respondents. [897 NYS2d 183]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Grays, J.), dated March 20, 2009, which granted the defendants' separate motions for summary judgment dismissing the complaint insofar as asserted against each of them on the

ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is affirmed, with one bill of costs.

The Supreme Court properly determined that the defendants met their prima facie burdens of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). In opposition, the plaintiff failed to raise a triable issue of fact.

The ambulance call report, hospital records, the reports of Drs. S.K. Reddy and Paul S. Raphael, and the therapy notes which the plaintiff submitted in opposition to the defendants' motions were unaffirmed and/or uncertified. Therefore, those submissions were without probative value and were insufficient to raise a triable issue of fact as to whether the plaintiff sustained a serious injury within the meaning of Insurance Law § 5102 (d) (*see Grasso v Angerami*, 79 NY2d 813 [1991]; *Maffei v Santiago*, 63 AD3d 1011, 1012 [2009]; *Niles v Lam Pakie Ho*, 61 AD3d 657, 658 [2009]; *Uribe-Zapata v Capallan*, 54 AD3d 936, 937 [2008]; *Patterson v NY Alarm Response Corp.*, 45 AD3d 656, 656 [2007]; *Verette v Zia*, 44 AD3d 747, 748 [2007]; *Nociforo v Penna*, 42 AD3d 514, 515 [2007]; *Pagano v Kingsbury*, 182 AD2d 268 [1992]).

The affirmation of Dr. Jay Simoncic, the plaintiff's examining physician, also failed to raise a triable issue of fact. While Dr. Simoncic noted significant limitations in the plaintiff's cervical spine range of motion based on his recent examination of her on November 10, 2008, neither he nor the plaintiff proffered competent medical evidence that revealed the existence of significant limitations in her spine range of motion that were contemporaneous with the subject accident (*see Sutton v Yener*, 65 AD3d 625, 626 [2009]; *Jules v Calderon*, 62 AD3d 958, 958 [2009]; *Garcia v Lopez*, 59 AD3d 593, 594 [2009]; *Leeber v Ward*, 55 AD3d 563, 563 [2008]; *Ferraro v Ridge Car Serv.*, 49 AD3d 498, 498 [2008]; *D'Onofrio v Floton, Inc.*, 45 AD3d 525, 525 [2007]).

The affirmed magnetic resonance imaging reports of Dr. Robert Solomon merely revealed the existence of a tear of the anterior cruciate ligament in the plaintiff's right knee and various bulging discs in her cervical spine. A tear in tendons, as well as a tear in a ligament, or a bulging disc is not evidence of a serious injury in the absence of objective evidence of the extent of the alleged physical limitations resulting from the injury and its duration (*see Ciancio v Nolan*, 65 AD3d 1273, 1274 [2009];

*Niles v Lam Pakie Ho*, 61 AD3d at 658-659; *Sealy v Riteway-1, Inc.*, 54 AD3d 1018, 1019 [2008]; *Kilakos v Mascera*, 53 AD3d 527, 528-529 [2008]; *Cornelius v Cintas Corp.*, 50 AD3d 1085, 1087 [2008]). Such evidence was clearly lacking in opposition to the defendants' motions here. The affidavit of the plaintiff was also insufficient to meet this requirement (*see Luizzi-Schwenk v Singh*, 58 AD3d 811, 812 [2009]; *Sealy v Riteway-1, Inc.*, 54 AD3d at 1019).

The plaintiff failed to submit competent medical evidence that the injuries allegedly sustained by her in the subject accident rendered her unable to perform substantially all of her usual and customary daily activities for not less than 90 days of the first 180 days subsequent to the subject accident (*see Rabolt v Park*, 50 AD3d 995, 996 [2008]; *Sainte-Aime v Ho*, 274 AD2d 569, 570 [2000]).

Accordingly, the defendants' separate motions for summary judgment dismissing the complaint insofar as asserted against each of them were properly granted. Rivera, J.P., Florio, Dickerson, Belen and Roman, JJ., concur.