■ FREDERICK RANFORD, Respondent, v TIM'S TREE AND LAWN SERVICE, INC., et al., Appellants. [897 NYS2d 245]—

In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Suffolk County (Tanenbaum, J.), dated August 10, 2009, which denied

their motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is granted.

Contrary to the determination of the Supreme Court, the defendants met their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). The plaintiff's deposition testimony, submitted by the defendants, that the plaintiff missed no time from work as a result of the subject accident, established that his alleged injuries did not prevent him from performing substantially all of the material acts constituting his customary daily activities during at least 90 of the first 180 days following the accident (*see Richards v Tyson*, 64 AD3d 760, 761 [2009]). Furthermore, the medical evidence relied on by the defendants established that he did not sustain a serious injury to his cervical or lumbar spine under the permanent consequential limitation of use and/or significant limitation of use categories of Insurance Law § 5102 (d) as a result of the subject accident. The defendants submitted the affirmed report of their examining orthopedist, who concluded, based on objective range of motion tests, that the plaintiff had full range of motion in his cervical and lumbar spines (*see Shevardenidze v Vaiana*, 60 AD3d 660 [2009]).

In opposition, the plaintiff failed to raise a triable issue of fact as to whether he sustained a serious injury as a result of the subject accident. Initially, the medical reports of the plaintiff's treating physician, submitted by the plaintiff, were unaffirmed and, thus, insufficient to raise a triable issue of fact (*see Grasso v Angerami*, 79 NY2d 813, 814 [1991]; *Mora v Riddick*, 69 AD3d 591 [2010]; *Patterson v NY Alarm Response Corp.*, 45 AD3d 656 [2007]; *Nociforo v Penna*, 42 AD3d 514, 515 [2007]). Furthermore, although the plaintiff submitted affirmations from certain radiologists, with annexed magnetic resonance imaging reports, those affirmations merely revealed the existence of herniated or bulging discs in his cervical and lumbar spines, and the mere existence of a herniated or bulging disc is not evidence of a serious injury in the absence of objective evidence of the alleged physical limitations resulting from the disc injury, as well as its duration (*see Bleszcz v Hiscock*, 69 AD3d 890, 891 [2010]; *Chanda v Varughese*, 67 AD3d 947, 947-948 [2009]; *Niles v Lam*

*Pakie Ho*, 61 AD3d 657, 659 [2009]; *Sealy v Riteway-1, Inc.*, 54 AD3d 1018, 1019 [2008]; *Kearse v New York City Tr. Auth.*, 16 AD3d 45, 49 [2005]). Accordingly, the Supreme Court should have granted the defendants' motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident. Fisher, J.P., Covello, Balkin, Leventhal and Lott, JJ., concur.