■ STEFANIE VARVERIS, Appellant, v ANDREA FRANCO, Respondent. [898 NYS2d 213]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Taylor, J.), dated January 8, 2009, which granted the defendant's motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is affirmed, with costs.

The defendant established her prima facie burden of demonstrating that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). In opposition, the plaintiff failed to raise a triable issue of fact.

Many of the medical reports submitted by the plaintiff were inadmissible, as they were unaffirmed and/or unsworn (*see Grasso v Angerami*, 79 NY2d 813 [1991]; *Maffei v Santiago*, 63 AD3d 1011 [2009]; *Niles v Lam Pakie Ho*, 61 AD3d 657 [2009]), or they relied upon unaffirmed and/or unsworn reports of others (*see Gastaldi v Chen*, 56 AD3d 420 [2008]; *Williams v Clark*, 54 AD3d 942 [2008]; *Zarate v McDonald*, 31 AD3d 632 [2006]).

The submissions of Dr. Fokion Avgerinos, while admissible, relied upon the plaintiff's subjective representation that her

neck and back injuries from a 2004 accident were asymptomatic at the time of the instant accident, rendering his opinions of cervical and lumbar limitations speculative (*see Penaloza v Chavez*, 48 AD3d 654 [2008]; *Vidor v Davila*, 37 AD3d 826 [2007]). Further, Dr. Avgerinos's findings of limited flexion of the plaintiff's right knee indicated, at best, an insignificant limitation (*see Acosta v Alexandre*, 70 AD3d 735 [2010]; *Cabri v Myung-Soo Park*, 260 AD2d 525 [1999]). The report of Dr. Thomas Scilaris was speculative, as it failed to address the plaintiff's 2004 accident (*see Joseph v A & H Livery*, 58 AD3d 688 [2009]; *Penaloza v Chavez*, 48 AD3d at 654). Moreover, that report contained no objective evidence regarding limitations to the plaintiff's right knee and right shoulder (*see LaMarre v Michelle Taxi, Inc.*, 60 AD3d 911 [2009]; *Sapienza v Ruggiero*, 57 AD3d 643 [2008]).

The plaintiff also failed to submit competent medical evidence that her injuries rendered her unable to perform substantially all of her usual and customary daily activities for not less than 90 days of the first 180 days subsequent to the accident (*see Rabolt v Park*, 50 AD3d 995 [2008]; *Roman v Fast Lane Car Serv., Inc.*, 46 AD3d 535 [2007]).

The plaintiff's remaining contentions are without merit. Dillon, J.P., Miller, Balkin, Leventhal and Austin, JJ., concur.