■ Nicole Stevens, Appellant, v Alfonso Sampson, Respondent. [898 NYS2d 657]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings

County (Vaughan, J.), dated April 29, 2009, which granted the defendant's motion for summary judgment dismissing the complaint on the ground that she did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is affirmed, with costs.

The Supreme Court properly concluded that the defendant met his prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345 [2002]; Gaddy v Eyler, 79 NY2d 955, 956-957 [1992]).

In opposition, the plaintiff failed to raise a triable issue of fact. Initially, the medical report of Dr. Serge Delaleu was insufficient to raise a triable issue of fact since it was unaffirmed (see Haber v Ullah, 69 AD3d 796 [2010]; Patterson v NY Alarm Response Corp., 45 AD3d 656 [2007]; Nociforo v Penna, 42 AD3d 514 [2007]; see also Grasso v Angerami, 79 NY2d 813 [1991]; Pagano v Kingsbury, 182 AD2d 268 [1992]). The affirmed medical reports of Dr. Aric Hausknecht, the plaintiff's treating neurologist, were also insufficient to raise a triable issue of fact. While Dr. Hausknecht noted significant limitations in the range of motion of the plaintiff's cervical spine on recent examinations, neither he nor the plaintiff proffered competent medical evidence that revealed the existence of significant limitations in the cervical region of her spine that were contemporaneous with the subject accident. Thus, the plaintiff did not raise a triable issue of fact as to whether she sustained a serious injury under the permanent consequential limitation of use or the significant limitation of use category of Insurance Law § 5102 (d) (see Bleszcz v Hiscock, 69 AD3d 890 [2010]; Taylor v Flaherty, 65 AD3d 1328 [2009]; Ferraro v Ridge Car Serv., 49 AD3d 498 [2008]).

The affirmation of Dr. Ayoob Khodadadi, with annexed magnetic resonance imaging reports, merely revealed the existence of herniated discs in the cervical region of the plaintiff's spine and a bulging disc in the lumbar region of the spine. The mere existence of a herniated or bulging disc is not evidence of a serious injury in the absence of objective evidence of the extent of the alleged physical limitations resulting from the disc injury, as well as its duration (see Bleszcz v Hiscock, 69 AD3d 890 [2010]; Chanda v Varughese, 67 AD3d 947 [2009]; Niles v Lam Pakie Ho, 61 AD3d 657 [2009]; Sealy v Riteway-1, Inc., 54 AD3d 1018 [2008]; Kilakos v Mascera, 53 AD3d 527 [2008]; Kearse v New York City Tr. Auth., 16 AD3d 45, 49 [2005]). The plaintiff's affidavit was insufficient to raise a triable issue of fact (see

*Hargrove v New York City Tr. Auth.*, 49 AD3d 692 [2008]; *Shvartsman v Vildman*, 47 AD3d 700 [2008]; *Tobias v Chupenko*, 41 AD3d 583, 584 [2007]).

The plaintiff's admissible medical submissions were insufficient to establish that she sustained a medically determined injury of a nonpermanent nature which prevented her from performing her usual and customary activities for 90 of the 180 days following the subject accident (*see Hargrove v New York City Tr. Auth.*, 49 AD3d at 693; *Sainte-Aime v Ho*, 274 AD2d 569, 570 [2000]). Rivera, J.P., Florio, Miller, Chambers and Roman, JJ., concur.