16-3198
*Lee v. Garvey*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, at 40 Foley Square, in the City of New York, on the 1st day of December, two thousand seventeen.

PRESENT:
　　　　　ROBERT A. KATZMANN,
　　　　　　　　*Chief Judge*,
　　　　　JOHN M. WALKER, JR.,
　　　　　GUIDO CALABRESI,
　　　　　　　　*Circuit Judges*.

_____

YOUNG SUNG LEE,

　　　　　　　*Plaintiff-Appellant*,

HAE SUK BAE,

　　　　　　　*Plaintiff-Counter-Claimant-Counter-Defendant-Appellant*,

　　　v.　　　　　　　　　　　　　　　　　No. 16-3198

KATELYN M. GARVEY,

　　　　　　　*Defendant-Counter-Claimant-Counter-Defendant-Appellee*,

_____

For Plaintiff-Appellant and Plaintiff-Counter-　　MICHAEL S. KIMM (Adam Garcia, *on the brief*)
Claimant-Counter-Defendant-Appellant:　　　　Kimm Law Firm, Englewood Cliffs, NJ.

1

For Defendant-Counter-Claimant-Counter-Defendant-Appellee:

WILLIAM A. FITZGERALD, DeCicco, Gibbons & McNamara, PC, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Smith, *M.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Young Sung Lee and Plaintiff-Counter-Claimant-Counter-Defendant-Appellant Hae Suk Bae ("plaintiffs") appeal from the judgment of the United States District Court for the Southern District of New York (Smith, *M.J.*) dated June 6, 2016, entering judgment in favor of defendant Katelyn M. Garvey. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Plaintiffs, who are husband and wife, filed a tort action against the defendant based on alleged injuries arising out of a January 5, 2013 car accident. The case proceeded to trial and, following the conclusion of plaintiffs' case-in-chief, the defendant moved for judgment as a matter of law under Federal Rule of Civil Procedure 50. Magistrate Judge Smith granted the motion, concluding that plaintiffs had failed to introduce evidence establishing that they had sustained "serious injuries" as required by New York law or that their injuries were caused by the accident. This appeal followed.

Under New York's No-Fault insurance law for motor vehicle accidents, basic economic loss is to be covered by insurance "regardless of fault in an accident, and noneconomic loss (pain and suffering) [is] recoverable only thorough a personal injury claim against a tortfeasor," *Raffellini v. State Farm Mut. Auto. Ins. Co.*, 878 N.E.2d 583, 587 (N.Y. 2007), and only when the plaintiff has suffered a "serious injury," *id.* (quoting N.Y. Ins. Law § 5104(a)). As the New

York Court of Appeals has explained, the "legislative intent underlying the No–Fault Law was to weed out frivolous claims and limit recovery to significant injuries." *Dufel v. Green,* 647 N.E.2d 105, 107 (N.Y. 1995).

Plaintiffs advance two arguments on appeal. First, they claim that the district court erred in holding that judicial estoppel did not preclude defendant from contesting whether plaintiffs suffered "serious injur[ies]." With this argument, which was raised in a motion *in limine*, plaintiffs contend that defense counsel conceded liability at the final pre-trial conference. In support, plaintiffs cited to the minute entry from the pre-trial conference, which references "[a] 4-day damages-only jury trial." App. 211. The district court orally denied the motion and permitted defendant to contest liability at trial.

We conclude that the district court did not abuse its discretion by denying the motion *in limine*. *See Bucalo v. Shelter Island Union Free Sch. Dist.*, 691 F.3d 119, 133 n.9 (2d Cir. 2012). As plaintiffs acknowledge, the pre-trial conference was not recorded so there is no record of defendant's alleged concession and the district court judge, who was present for the pre-trial conference, does not appear to have been persuaded that this concession occurred or that the minute entry accurately reflected the scope of issues for trial. In addition, even if defense counsel had conceded liability, this concession would not have precluded defendant from contesting the seriousness of plaintiffs' injuries because "serious injury" is not an element of liability. *See Kilakos v. Mascera*, 862 N.Y.S.2d 529, 530 (N.Y. App. Div. 2008) ("The defendant conceded liability and the matter proceeded to trial on the issue of whether the plaintiff sustained a 'serious injury' . . . .").

Plaintiffs' second argument is that the magistrate judge presiding over the trial erred by entering judgment as a matter of law based on plaintiffs' failure to establish prima facie evidence

3

of a "serious injury."[1] "We review *de novo* a district court's grant or denial of judgment as a matter of law under Rule 50." *Stevens v. Rite Aid Corp.*, 851 F.3d 224, 228 (2d Cir. 2017). In doing so, we apply the same standard as the district court: "Judgment as a matter of law may not properly be granted under Rule 50 unless the evidence, viewed in the light most favorable to the opposing party, is insufficient to permit a reasonable juror to find in her favor." *Galdieri–Ambrosini v. Nat'l Realty & Dev. Corp.*, 136 F.3d 276, 289 (2d Cir. 1998).

Under New York's Insurance Law, there is no right of recovery in tort unless a covered person sustained a "serious injury," defined as:

> [A] personal injury which results in death; dismemberment; significant disfigurement; a fracture; loss of a fetus; permanent loss of use of a body organ, member, function or system; permanent consequential limitation of use of a body organ or member; significant limitation of use of a body function or system; or a medically determined injury or impairment of a non-permanent nature which prevents the injured person from performing substantially all of the material acts which constitute such person's usual and customary daily activities for not less than ninety days during the one-hundred-and-eighty days immediately following the occurrence of the injury or impairment.

N.Y. Ins. Law § 5102(d). In establishing the existence of a serious injury, a "[p]laintiff must present objective proof of injury, as subjective complaints of pain will not, standing alone, support a claim for serious injury." *Yong Qin Luo v. Mikel*, 625 F.3d 772, 777 (2d Cir. 2010). "[T]o prove the extent or degree of physical limitation" a plaintiff can offer either "an expert's designation of a numeric percentage of a plaintiff's loss of range of motion" or "[a]n expert's *qualitative* assessment of a plaintiff's condition," provided that the qualitative assessment "has an objective basis and compares the plaintiff's limitations to the normal function, purpose and use of the affected body organ, member, function or system." *Toure v. Avis Rent A Car Sys. Inc.,* 774 N.E.2d 1197, 1200 (N.Y. 2002). The New York Court of Appeals

---

[1] Plaintiffs do not specify which clause of the "serious injury" statute is applicable to their injuries but, because their argument emphasizes the permanency of their injuries, we assume they are alleging that they suffered "permanent consequential limitation of use of a body organ or member," N.Y. Ins. Law § 5102(d).

4

has concluded that "the court should decide the threshold question of whether the evidence would warrant a jury finding that the injury" qualifies as a "serious injury." *Licari v. Elliott*, 441 N.E.2d 1088, 1092 (N.Y. 1982).

Both plaintiffs allege that they suffered herniated discs in their necks and lower backs, as well as meniscus tears in their left knees, and both underwent arthroscopic surgery on their knees within thirteen months of the accident. The objective evidence introduced by plaintiffs at trial consisted of testimony by Dr. Drew Stein, an expert in orthopedic surgery hired by plaintiffs to conduct an independent evaluation of their injuries, and records from Nyack Hospital, where plaintiffs were treated immediately following the accident. Plaintiffs did not introduce testimony from their treating physicians or any other medical records. The Nyack Hospital records indicate that Bae and Lee both complained of neck pain and were diagnosed with neck sprains. Dr. Stein testified that 2013 MRI films of both plaintiffs revealed herniated discs in their necks and lower backs and meniscus tears in their left knees. Assessing the plaintiffs two-and-a-half years later, Dr. Stein concluded that both plaintiffs exhibited "permanent mild orthopedic disabilities." App. 1218:1-14, 1245:20-25. In reaching this conclusion, Dr. Stein relied heavily on plaintiffs' subjective complaints of pain and their representations that they were unable to engage in leisure activities, such as hiking and biking, and that they struggled to stand for long periods of time.

When asked about his objective findings, Dr. Stein testified that, according to his July 16, 2015 evaluation, Bae had an objectively normal left knee with full range of motion and negative results on all orthopedic tests. With respect to the herniated discs in Bae's neck, although Dr. Stein testified that these were visible in the 2013 MRI films, he determined that as of 2015 she had full range of motion in her neck with no objective orthopedic findings of any injury. As to the lower back, Dr. Stein testified that Bae had a 10 percent restriction in range of motion—

meaning that she was unable to touch her toes when she bent at the waist—but he admitted that he had had no way of knowing how flexible Bae was prior to the accident, therefore the 90 percent range of motion might not represent a limitation. In addition, Dr. Stein acknowledged that Bae did not report pain during tests used to determine whether a herniated disc was compressing a nerve, exhibited no pain when rotating her torso, and did not experience a back spasm during the examination.

Dr. Stein also conducted an independent examination of Lee but his testimony focused primarily on the results of the 2013 MRI, which showed herniated discs and a meniscus tear. He did not testify as to the residual effects of Lee's alleged injuries, including range of motion or Lee's responses to objective orthopedic tests. The only other objective medical evidence of Lee's injuries was the Nyack Hospital record from the night of the accident.

Although plaintiffs insist that meniscus tears are necessarily serious injuries under applicable New York case law, the magistrate judge properly concluded that this evidence was insufficient to establish a serious injury. As an initial matter, the plaintiffs have pointed to no precedent holding that it is appropriate to submit a case to the jury notwithstanding testimony from a plaintiff's own expert that the plaintiff had full range of motion and negative results on all orthopedic tests following surgery. In addition, New York courts have generally held that "[a] tear in tendons, as well as a tear in a ligament, or a bulging disc is not evidence of a serious injury in the absence of objective evidence of the extent of the alleged physical limitations resulting from the injury and its duration." *See, e.g.*, *Little v. Locoh*, 897 N.Y.S.2d 183, 185 (N.Y. App. Div. 2010); *see also Mulligan v. City of New York*, 993 N.Y.S.2d 24, 26 (N.Y. App. Div. 2014). This conclusion is consistent with the plain text of the statute which requires a showing of a "permanent consequential *limitation of use* of a body organ or member." N.Y. Ins.

Law § 5102(d) (emphasis added). Here, neither Bae nor Lee adduced any objective evidence of a limitation of use with respect to their left knees. And, although Dr. Stein identified a 10 percent restriction in the range of motion of Bae's lower back, this does not constitute a serious injury because New York law requires "more than a minor limitation of use." *Licari*, 441 N.E.2d at 1091; *see also Hodder v. United States,* 328 F. Supp. 2d 335, 356 (E.D.N.Y. 2004) ("While there is no set percentage for determining whether a limitation in range of motion is sufficient to establish 'serious injury,' the cases have generally found that a limitation of twenty percent or more is significant for summary judgment purposes."). Indeed, plaintiffs' own expert described their injuries as "mild," App. 1218:1-14, 1245:20-25, and the New York Court of Appeals has held that "minor, mild or slight limitations of use" do not satisfy the requirements of § 5102(d). *Licari*, 441 N.E.2d at 1091. In the absence of objective evidence establishing that plaintiffs experienced permanent consequential limitations of use, the magistrate judge properly entered judgment in favor of the defendant.[2]

We have considered all of plaintiffs' contentions on appeal and have found in them no basis for reversal. For the reasons stated herein, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk

---

[2] The magistrate judge also concluded that the plaintiffs had failed to establish that the January 5, 2013 accident was the cause of the alleged injuries. Because plaintiffs' failure to demonstrate a serious injury is sufficient to decide this case, we need not reach the question of causality.

7