■ Lucienne Fleury, Appellant, v Nelson M. Benitez et al., Respondents. [845 NYS2d 101]—

In an action to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Suffolk County (Doyle, J.), dated December 13, 2005, which granted

the defendants' motion for summary judgment dismissing the complaint on the ground that she did not sustain a serious injury within the meaning of Insurance Law § 5102 (d), and (2) a judgment of the same court entered January 8, 2007, which, upon the order, is in favor of the defendants and against her dismissing the complaint. The notice of appeal from the order is deemed also to be a notice of appeal from the judgment (*see* CPLR 5501 [c]).

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is reversed, on the law, the defendants' motion for summary judgment is denied, the complaint is reinstated, and the order is modified accordingly; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The defendants failed to establish, prima facie, that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955 [1992]). In support of their motion, the defendants relied upon, inter alia, the affirmed medical reports of two orthopedists. Both orthopedists examined the cervical region of the plaintiff's spine, and one of the orthopedists also examined the lumbar region of the plaintiff's spine. In their respective affirmed medical reports, the orthopedists set forth their findings based on range of motion testing of the plaintiff. However, the orthopedists failed to compare those findings to the normal ranges of motion (*see Hypolite v International Logistics Mgt., Inc.*, 43 AD3d 461 [2007]; *Somers v Macpherson*, 40 AD3d 742, 743 [2007]; *McNulty v Buglino*, 40 AD3d 591, 592 [2007]; *Osgood v Martes*, 39 AD3d 516 [2007]; *McLaughlin v Rizzo*, 38 AD3d 856, 857 [2007]; *Aronov v Leybovich*, 3 AD3d 511, 512 [2004]).

Since the defendants failed to establish their prima facie entitlement to judgment as a matter of law, it is unnecessary to consider whether the plaintiff's papers submitted in opposition to the motion were sufficient to raise a triable issue of fact (*see Coscia v 938 Trading Corp.*, 283 AD2d 538 [2001]). Rivera, J.P., Krausman, Florio, Carni and Balkin, JJ., concur.