■ ARDELLA PAGE, Appellant, v HEATHER BELMONTE et al., Respondents. [846 NYS2d 351]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Doyle, J.), dated May 16, 2006, which granted the motion of the defendant Robert Perry for summary judgment dismissing the complaint insofar as asserted against him on the ground that she did not sustain a serious injury within the meaning of Insurance Law § 5102 (d), and upon, in effect, searching the record, granted summary judgment dismissing the complaint insofar as asserted against the defendant Heather Belmonte on that ground.

Ordered that the order is reversed, on the law, with costs, and the motion for summary judgment dismissing the complaint insofar as asserted against the defendant Robert Perry is denied, and so much of the order as upon, in effect, searching the record, granted summary judgment dismissing the complaint insofar as asserted against the defendant Heather Belmonte is vacated.

The plaintiff allegedly sustained injuries to her cervical and lumbar spines and both knees when, as a pedestrian, she was struck by a motor vehicle owned by the defendant Robert Perry and operated by the defendant Heather Belmonte. After the plaintiff commenced this action to recover damages for the personal injuries she allegedly sustained in the accident, Perry moved for summary judgment dismissing the complaint insofar as asserted against him on the ground that the plaintiff failed to satisfy the serious injury threshold set forth in Insurance Law § 5102 (d).

Perry failed to establish, prima facie, that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]; *Tchjevskaia v Chase*, 15 AD3d 389 [2005]). In his affirmed medical report following thoracic and lumbar range of motion testing, Perry's examining orthope-

dic surgeon merely stated that forward bending was carried out to 80°, right to left lateral bending was "symmetrical at 20 degrees" and "[t]hese ranges of motion are considered excellent for a patient of the same age and body habitus." Nowhere were these findings compared against what is normal range of motion (*see Spektor v Dichy*, 34 AD3d 557, 558 [2006]). The physician's failure to set forth such a comparison requires denial of the motion (*id.*). Since Perry failed to satisfy his initial burden on his motion, it is not necessary to consider whether the plaintiff's papers in opposition were sufficient to raise a triable issue of fact (*see Tchjevskaia v Chase*, 15 AD3d 389 [2005]). Spolzino, J.P., Santucci, Skelos and Dickerson, JJ., concur.