■ CELIA H. BANGUELA, Appellant, v CHARLES BABBO et al., Respondents. [858 NYS2d 353]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (R. Doyle, J.), dated March 14, 2007, which granted the separate motions of the defendants Charles Babbo and John Barbely for summary judgment dismissing the complaint insofar as asserted against each of them on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with one bill of costs, and the separate motions of the defendants for summary judgment dismissing the complaint insofar as asserted against each of them are denied.

The defendants, separately moving for summary judgment, failed to meet their prima facie burdens of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.,* 98 NY2d 345 [2002]; *Gaddy v Eyler,* 79 NY2d 955, 956-957 [1992]). In moving for summary judgment, the separate defendants relied on the same submissions, which included the affirmed medical report of Dr. Benjamin Nachamie, an examining orthopedist. While Dr. Nachamie set forth his findings with respect to the range of motion of the lumbar and cervical regions of the plaintiff's spine, he failed to compare those findings to what is normal, and therefore his report was without probative value (*see Page v Belmonte,* 45 AD3d 825 [2007]; *Malave v Basikov,* 45 AD3d 539 [2007]; *Fleury v Benitez,* 44 AD3d 996 [2007]; *Nociforo v Penna,* 42 AD3d 514 [2007]). Since the defendants failed to meet their initial prima facie burdens, it is unnecessary to consider whether the papers submitted by the plaintiff in opposition were sufficient to raise a triable issue of fact (*see Page v Belmonte,* 45 AD3d 825 [2007]; *Coscia v 938 Trading Corp.,* 283 AD2d 538 [2001]). Fisher, J.P., Florio, Angiolillo, Dickerson and Belen, JJ., concur.