■ RAYMOND RUFFINO, Respondent, v RICHARD D. GREEN et al., Appellants, et al., Defendant. [864 NYS2d 440]—In an action to recover damages for personal injuries, the defendants Richard D. Green and DMGT Telecommunications, Inc., appeal from an order of the Supreme Court, Nassau County (Woodard, J.), dated May 30, 2007, which denied their motion for summary judgment dismissing the complaint insofar as asserted against them on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is affirmed, with costs.

The appellants failed to make a prima facie showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]; *Newberger v Hirsch*, 49 AD3d 700 [2008]; *Page v Belmonte*, 45 AD3d 825 [2007]; *Tchjevskaia v Chase*, 15 AD3d 389 [2005]). The report prepared by Dr. Adam Silvers regarding a magnetic resonance imaging of the plaintiff's lumbar spine taken approximately one month after the accident, which the appellants

submitted in support of their motion, raised a triable issue of fact (see *Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]) as to whether the plaintiff sustained a fracture in the subject motor vehicle accident (see Insurance Law § 5102 [d]). Under these circumstances, it is unnecessary to consider the sufficiency of the plaintiff's opposition papers (see *Tchjevskaia v Chase*, 15 AD3d at 389). Rivera, J.P., Lifson, Covello and Balkin, JJ., concur.