FRED WALKER, Appellant, v PUBLIC ADMINISTRATOR OF SUFFOLK COUNTY, Defendant, and GREGORY ZEPHIRIN et al., Defendants-Respondents. ESTATE OF ISAAC ODOM, Deceased, Nonparty Respondent. [875 NYS2d 160]—

In an action to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Suffolk County (Baisley, Jr., J.), dated January 10, 2008, which granted the motion of the nonparty Estate of Isaac Odom made, in effect, on behalf of the defendant Public Administrator of Suffolk County for the Estate of Isaac Odom, and the separate motions of the defendants Gregory Zephirin and Rose Esther Compere, for summary judgment dismissing the complaint insofar as asserted against them on the ground that he did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident, and (2) an order of the same court dated May 20, 2008, which denied his motion for leave to reargue.

Ordered that the appeal from the order dated May 20, 2008, is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order dated January 10, 2008, is reversed, on the law, and the motion of the nonparty Estate of Isaac Odom, made, in effect, on behalf of the defendant Public Administrator of Suffolk County for the Estate of Isaac Odom, and the separate motion of the defendants Gregory Zephirin and Rose Esther Compere for summary judgment dismissing the complaint insofar as asserted against them on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) are denied; and it is further,

Ordered that one bill of costs is awarded to the plaintiff, payable by the defendants-respondents and nonparty respondent appearing separately and filing separate briefs.

In support of their respective motions, the respondents relied on the same submissions. These submissions, contrary to the determination of the Supreme Court, failed to meet the respondents' respective prima facie burdens of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). In support of their respective motions, the respondents relied upon, inter alia, the affirmed medical reports of Dr. Lawrence Miller, an orthopedic

surgeon, and Dr. S. Farkas, a neurologist. While Dr. Miller noted in his report that the plaintiff could bend forward in his lumbar spine to more than 60 degrees, he failed to compare that finding to what is normal (*see Page v Belmonte*, 45 AD3d 825 [2007]; *Malave v Basikov*, 45 AD3d 539 [2007]; *Fleury v Benitez*, 44 AD3d 996 [2007]; *Nociforo v Penna*, 42 AD3d 514 [2007]). Moreover, he also noted that the plaintiff could carry out bilateral straight-leg raising to more than 45 degrees, yet failed to compare that finding to what is normal. Although Dr. Farkas noted in his affirmed medical report that the plaintiff could abduct his right shoulder to 170 degrees, which Dr. Farkas deemed normal, he further noted that internal rotation of the right shoulder was to "L3," and failed to compare that finding to what is normal.

Since the respondents failed to meet their respective prima facie burdens, it is unnecessary to consider whether the papers submitted by the plaintiff were sufficient to raise a triable issue of fact (*see Page v Belmonte*, 45 AD3d 825 [2007]; *Coscia v 938 Trading Corp.*, 283 AD2d 538 [2001]). Spolzino, J.P., Ritter, Covello and Belen, JJ., concur.