■ James LaMarre, Respondent-Appellant, v Michelle Taxi, Inc., et al., Appellants-Respondents. [875 NYS2d 268]—

In an action to recover damages for personal injuries, the defendants appeal from so much of an order of the Supreme Court, Kings County (Jacobson, J.), dated June 3, 2008, as, in effect, denied that branch of their motion which was for summary judgment dismissing so much of the complaint as alleged that the plaintiff sustained a serious injury under the medically-determined injury or impairment of a nonpermanent nature category of Insurance Law § 5102 (d) as a result of the subject accident, and the plaintiff cross-appeals from so much of the same order as, in effect, granted those branches of the defendants' motion which were for summary judgment dismissing so much of the complaint as alleged that he sustained a serious injury under the permanent consequential limitation of use and/or significant limitation of use categories under Insurance Law § 5102 (d) as a result of the subject accident.

Ordered that the order is reversed insofar as appealed from,

on the law, and that branch of the defendants' motion which was for summary judgment dismissing so much of the complaint as alleged that the plaintiff sustained a serious injury under the medically-determined injury or impairment of a nonpermanent nature category of Insurance Law § 5102 (d) as a result of the subject accident is granted; and it is further,

Ordered that the order is affirmed insofar as cross-appealed from; and it is further,

Ordered that one bill of costs is awarded to the defendants.

On their motion for summary judgment, the defendants met their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]; *see also Meyers v Bobower Yeshiva Bnei Zion*, 20 AD3d 456 [2005]). In opposition, the plaintiff failed to raise a triable issue of fact as to whether he sustained a serious injury under the permanent consequential limitation of use and/or significant limitation of use categories under Insurance Law § 5102 (d) as a result of the subject accident. The plaintiff relied upon an affirmed report from his treating physician, based on a recent physical examination. However, the physician indicated that he only examined the plaintiff's lumbar spine, concluded, without making any range of motion findings, that the lumbar spine had a "limitation," and failed to set forth the objective tests he performed to arrive at his conclusion (*see Sapienza v Ruggiero*, 57 AD3d 643 [2008]; *Gastaldi v Chen*, 56 AD3d 420, 421 [2008]; *Budhram v Ogunmoyin*, 53 AD3d 640, 641 [2008]).

Furthermore, contrary to the Supreme Court's determination, the plaintiff also failed to raise a triable issue of fact as to whether he sustained a serious injury under the medically-determined injury or impairment of a nonpermanent nature category of Insurance Law § 5102 (d) as a result of the subject accident. In this regard, the plaintiff, whose deposition testimony established that he returned to work approximately 30 days after the accident and missed approximately 60 days of work, failed to proffer any competent medical evidence to establish that he sustained a medically-determined injury or impairment of a nonpermanent nature which prevented him from performing substantially all of the material acts constituting his usual and customary activities for not less than 90 of the 180 days immediately following the accident (*see Itkin v Devlin*, 286 AD2d 477, 478 [2001]). Spolzino, J.P., Ritter, Covello and Belen, JJ., concur.