■ Dorothy McCarthy, Appellant, v Melissa Gagne et al., Respondents. [878 NYS2d 161]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Kramer, J.), entered November 27, 2007, which granted the defendants' motion for summary judgment dismissing the complaint on the ground that she did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is denied.

Contrary to the Supreme Court's determination, the defendants failed to meet their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) (*see Toure v Avis Rent A Car Sys.,* 98 NY2d 345 [2002]; *Gaddy v Eyler,* 79 NY2d 955, 956-957 [1992]). In support of their motion for summary judgment, the defendants relied on, among other documents, the affirmed medical reports of Dr. Robert Zaretsky, Dr. Alan Zimmerman, and Dr. Philip G. Taylor. In his report, Dr. Zaretsky, an orthopedic surgeon who examined the plaintiff on October 10, 2005, provided range-of-motion findings with respect to the plaintiff's left shoulder, yet he failed to compare all of those findings to what is normal (*see Banguela v Babbo,* 51 AD3d 833 [2008]; *Page v Belmonte,* 45 AD3d 825 [2007]; *Malave v Basikov,* 45 AD3d 539 [2007]; *Fleury v Benitez,* 44 AD3d 996 [2007]; *Nociforo v Penna,* 42 AD3d 514 [2007]). The same deficiencies are found in the reports of Dr. Zimmerman and Dr. Taylor. Dr. Zimmerman, an orthopedic surgeon who evaluated the plaintiff on December 6, 2005, noted in his report range-of-motion findings with respect to the plaintiff's cervical spine, yet he failed to compare those findings to what is normal. Dr. Taylor, the defendants' examining orthopedic surgeon, set forth in his report range-of-motion findings with respect to, inter alia, the plaintiff's cervical spine, however he failed to compare those findings to what is normal.

Since the defendants failed to meet their initial prima facie burden, it is unnecessary to consider whether the papers submitted by the plaintiff in opposition were sufficient to raise a triable issue of fact (*see Banguela v Babbo,* 51 AD3d 833 [2008]; *Coscia v 938 Trading Corp.,* 283 AD2d 538 [2001]). Mastro, J.P., Fisher, Florio and Eng, JJ., concur.