■ TERRANCE MANNIX, Appellant, v LISI's TOWING SERVICE, INC., et al., Respondents. [888 NYS2d 773]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Westchester County (Bellantoni, J.), entered October 6, 2008, which granted the separate motions of the defendants Lisi's Towing Service, Inc., D&M Rentals, and David S. MacLeod, and the defendants Kyle S. Brown and Janis L. Brown, for summary judgment dismissing the complaint insofar as asserted against them on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with one bill of costs to the plaintiff payable by the defendants appearing separately and filing separate briefs, and the defendants' separate motions for summary judgment dismissing the complaint insofar as asserted against them are denied.

Contrary to the Supreme Court's determination, the defendants failed to meet their prima facie burdens of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). In support of their separate motions, the defendants relied on the same submissions, which included the affirmed medical report of Dr. John H. Buckner, a neurologist who examined the plaintiff on November 16, 2007. While Dr. Buckner opined that the plaintiff had "normal" range of motion in his cervical and lumbar spine upon testing on that date, he failed to set forth the objective testing he employed to arrive at those conclusions (*see Smith v Quicci*, 62 AD3d 858 [2009]; *Giammalva v Winters*, 59 AD3d 595 [2009]; *Stern v Oceanside School Dist.*, 55 AD3d 596 [2008]; *Cedillo v Rivera*, 39 AD3d 453 [2007]; *McLaughlin v Rizzo*, 38 AD3d 856 [2007]). The remaining physical examination reports

submitted by the defendants concerning the plaintiff, which included reports from two of the plaintiff's own treating physicians, suffered from the same deficiency of failing to provide objective testing to support their conclusions.

Since the defendants failed to meet their respective prima facie burdens, it is unnecessary to decide whether the papers submitted by the plaintiff in opposition were sufficient to raise a triable issue of fact (*see Giammalva v Winters*, 59 AD3d at 595; *Coscia v 938 Trading Corp.*, 283 AD2d 538 [2001]). Fisher, J.P., Santucci, Dickerson, Chambers and Lott, JJ., concur.