LORRAINE WALLACE et al., Plaintiffs, and JOANNE BAILEY, Appellant, v ADAM RENTAL TRANSPORTATION, INC., et al., Defendants, and HORTON TRANSPORTATION II, INC., et al., Respondents. [891 NYS2d 432]—

The defendants Horton Transportation II, Inc., and Arif Gardashov met their prima facie burden of showing that the plaintiff Joanne Bailey did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]; *see also Giraldo v Mandanici*, 24 AD3d 419 [2005]; *Meyers v Bobower Yeshiva Bnei Zion*, 20 AD3d 456 [2005]). In opposition, Bailey failed to raise a triable issue of fact. In opposition, Bailey principally relied on the affirmation of her treating physician, Dr. Boris Kleyman. That affirmation was insufficient to raise any triable issues of fact. While Kleyman set forth range-of-motion findings with respect to Bailey's right shoulder that were contemporaneous with the accident, he failed to compare those findings to what is normal (*see Page v Belmonte*, 45 AD3d 825 [2007]; *Malave v Basikov*, 45 AD3d 539 [2007]; *Fleury v Benitez*, 44 AD3d 996 [2007]; *Nociforo .v Penna*, 42 AD3d 514 [2007]). Moreover, Kleyman failed to set forth any recent range-of-motion findings concerning Bailey's right shoulder in his affirmation.

As to Bailey's right knee, Dr. Kleyman failed to set forth any range-of-motion findings (*see LaMarre v Michelle Taxi, Inc.*, 60 AD3d 911 [2009]; *Ponciano v Schaefer*, 59 AD3d 605 [2009]; *Fiorillo v Arriaza*, 52 AD3d 465 [2008]; *Sharma v Diaz*, 48 AD3d 442 [2008]; *Porto v Blum*, 39 AD3d 614 [2007]).

With respect to Bailey's lumbar spine, Kleyman noted significant limitations therein based on examinations contemporaneous with the subject accident, as well as recent examinations, but failed to acknowledge the fact that the plaintiff was involved in a prior accident in which she injured her lower back. This failure rendered speculative Kleyman's conclusion that the injuries and limitations he noted with respect to Bailey's lumbar spine were the result of the subject accident (*see Joseph v A & H Livery*, 58 AD3d 688 [2009]; *Penaloza v Chavez*, 48 AD3d 654 [2008]; *Zinger v Zylberberg*, 35 AD3d 851, 852 [2006]; *Tudisco v James*, 28 AD3d 536 [2006]; *Bennett v Genas*, 27 AD3d 601 [2006]; *Allyn v Hanley*, 2 AD3d 470 [2003]). Dillon, J.P., Miller, Eng, Hall and Sgroi, JJ., concur.