■ ELINA SHIRMAN, Appellant, v GBEMISOLA R. LAWAL et al., Defendants, and JOHN PABONE et al., Respondents. [894 NYS2d 458]—

This action arises from a three-car, chain-collision accident which occurred on the Staten Island Expressway. It is undisputed that a motor vehicle operated by the defendant John Pabone was struck in the rear by a motor vehicle operated by the defendant Oleg Pilyugin and owned by the plaintiff Elina Shirman, who was a passenger. After joinder of issue, Pilyugin moved for summary judgment dismissing the complaint insofar as asserted against him on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d), and Pabone separately moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against him on the ground that he was not at fault in the happening of the accident. Contrary to the determination of the Supreme Court, Pilyugin failed to meet his burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) (see Toure v Avis Rent A Car Sys. 98 NY2d 345 [2002]; Gaddy v Eyler, 79 NY2d 955, 956-957 [1992]; Walker v Public Adm'r of Suffolk County, 60 AD3d 757 [2009]). With regard to range-of-motion testing performed on the plaintiff's lumbar spine, the movant's expert neurologist, Dr. Michael J. Carciente, indicated only that the straight leg maneuver was negative to "about 90 degrees in the sitting position," and failed to compare his finding to what is normal (see Walker v Public Adm'r of Suffolk County, 60 AD3d at 757; Malave v Basikov, 45 AD3d 539 [2007]). Under these circumstances, it is not necessary to consider the sufficiency of the plaintiff's opposition to Pilyugin's motion (see Page v Belmonte, 45 AD3d 825 [2007]; Tchjevskaia v Chase, 15 AD3d 389 [2005]), and the Supreme Court should have denied Pilyugin's motion.

"A rear-end collision with a stopped or stopping vehicle creates a prima facie case of negligence with respect to the operator of the [moving] vehicle," and imposes a duty on the operator of the moving vehicle to come forward with an adequate nonnegligent explanation for the accident (Smith v Seskin, 49 AD3d

628, 629 [2008]). Here, Pabone made a prima facie showing of his entitlement to judgment as a matter of law by submitting evidence that his vehicle was struck in the rear by the vehicle operated by Pilyugin (*see Arias v Rosario*, 52 AD3d 551, 552 [2008]). Under these circumstances, the assertion that the Pabone vehicle suddenly stopped was insufficient to rebut the presumption of negligence created by the rear-end collision. Thus, the plaintiff failed to raise a triable issue of fact in opposition to Pabone's motion (*see Arias v Rosario,* 52 AD3d at 552-553), and the Supreme Court properly granted that branch of Pabone's motion which was for summary judgment dismissing the complaint insofar as asserted against him. Covello, J.P., Angiolillo, Balkin and Sgroi, JJ., concur.