■ NICHOLAS CHIARA et al., Appellants, v SEAN P. DERNAGO et al., Respondents. [894 NYS2d 129]—

In an action, inter alia, to recover damages for personal injuries, the plaintiffs appeal from an order of the Supreme Court, Nassau County (Mahon, J.), dated October 30, 2008, which granted the defendants' separate motions for summary judgment dismissing the complaint insofar as asserted against them on the ground that neither plaintiff sustained a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is reversed, on the law, with one bill of costs payable to the plaintiffs by the defendants appearing separately and filing separate briefs, and the defendants' separate motions for summary judgment dismissing the complaint insofar as asserted against them on the ground that neither plaintiff sustained a serious injury within the meaning of Insurance Law § 5102 (d) are denied.

Contrary to the Supreme Court's determination, both of the defendants failed to meet their prima facie burdens of showing that neither plaintiff sustained a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). In support of their separate motions, both defendants relied largely on the same submissions, which included the affirmed medical reports of an orthopedic surgeon who examined each plaintiff. These reports were insufficient to sustain the defendants' respective prima facie burdens. Although the surgeon noted that the plaintiff Venetia K. Chiara had full range of motion in the cervical and lumbar regions "to all directions," and that the plaintiff Nicholas Chiara's cervical range of motion was "normal," he

failed to set forth what objective testing he did in order to arrive at those conclusions (*see Mannix v Lisi's Towing Serv., Inc.*, 67 AD3d 977 [2009]; *Smith v Quicci*, 62 AD3d 858 [2009]; *Giammalva v Winters*, 59 AD3d 595 [2009]; *Stern v Oceanside School Dist.*, 55 AD3d 596 [2008]; *Valdes v Timberger*, 41 AD3d 836 [2007]; *Cedillo v Rivera*, 39 AD3d 453 [2007]; *McLaughlin v Rizzo*, 38 AD3d 856 [2007]). The remaining medical reports submitted by the defendants were also insufficient because the physicians who prepared them failed to compare their findings to what is normal (*see Wallace v Adam Rental Transp., Inc.*, 68 AD3d 857 [2009]; *Page v Belmonte*, 45 AD3d 825, 826 [2007]; *Malave v Basikov*, 45 AD3d 539, 540 [2007]; *Fleury v Benitez*, 44 AD3d 996 [2007]), failed to set forth the objective tests employed to arrive at their conclusions, and/or did not address all the injuries alleged by the plaintiffs.

Since the defendants failed to meet their respective prima facie burdens, it is unnecessary to decide whether the papers submitted by the plaintiffs in opposition were sufficient to raise a triable issue of fact (*see Mannix v Lisi's Towing Serv., Inc.*, 67 AD3d 977 [2009]; *Smith v Quicci*, 62 AD3d 858 [2009]; *Giammalva v Winters*, 59 AD3d 595 [2009]; *Stern v Oceanside School Dist.*, 55 AD3d 596 [2008]; *Coscia v 938 Trading Corp.*, 283 AD2d 538 [2001]). Skelos, J.P., Covello, Eng, Chambers and Sgroi, JJ., concur.