■ IVETA KARVAY et al., Appellants, v CHARLES F. GUELI, Respondent. [908 NYS2d 454]—

In an action to recover damages for personal injuries, the plaintiffs appeal from an order of the Supreme Court, Nassau County (Adams, J.), dated June 25, 2009, which granted the defendant's motion for summary judgment dismissing the complaint on the ground that neither of them sustained a serious injury within the meaning of Insurance Law § 5102 (d), and denied, as untimely and academic, their cross motion for summary judgment on the issue of liability.

Ordered that the order is modified, on the law, (1) by deleting the provision thereof granting the defendant's motion for summary judgment dismissing the complaint on the ground that neither of the plaintiffs sustained a serious injury within the meaning of Insurance Law § 5102 (d), and substituting therefor a provision denying the motion, and (2) by deleting the provision thereof denying, as untimely and academic, the plaintiffs' cross motion for summary judgment on the issue of liability, and substituting therefor a provision denying, as untimely, the plaintiffs' cross motion for summary judgment on the issue of liability; as so modified, the order is affirmed, without costs or disbursements.

Contrary to the Supreme Court's determination, the defendant failed to meet his prima facie burden of showing that the plaintiffs did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345 [2002]; Gaddy v Eyler, 79 NY2d 955, 956-957 [1992]). In support of his motion, the defendant relied on the affirmed medical reports for both plaintiffs of Dr. Anthony Spataro and Dr. C.M. Sharma.

As to the plaintiff Iveta Karvay (hereinafter Iveta), she was examined by Dr. Spataro, an orthopedist, on November 4, 2008. At that time, Dr. Spataro noted that Iveta was unable to bend when asked to touch her toes during lumbar spine testing. Additionally, when Dr. Spataro examined Iveta's cervical spine, he merely stated that she had "full passive range of motion," but failed to set forth any objective testing he did in order to arrive at that conclusion (see Chiara v Dernago, 70 AD3d 746 [2010]; Mannix v Lisi's Towing Serv., Inc., 67 AD3d 977 [2009]; Smith v Quicci, 62 AD3d 858 [2009]; Giammalva v Winters, 59 AD3d 595 [2009]).

Dr. Sharma, a neurologist, examined Iveta on November 12, 2008. At that time, Dr. Sharma noted that during cervical spine testing, Iveta was able to perform 15 to 20 degrees of motion. Dr. Sharma further noted that during lumbar testing, Iveta was able to elevate her legs to 30 degrees bilaterally. While Dr. Sharma set forth these findings, he failed to compare them to what was normal (*see Chiara v Dernago*, 70 AD3d at 746; *Wallace v Adam Rental Transp., Inc.*, 68 AD3d 857 [2009]; *Page v Belmonte*, 45 AD3d 825, 826 [2007]; *Malave v Basikov*, 45 AD3d 539, 540 [2007]; *Fleury v Benitez*, 44 AD3d 996 [2007]).

The plaintiff Boleslaw Karvay (hereinafter Boleslaw) was also examined by Dr. Spataro on November 4, 2008. When Dr. Spataro examined Boleslaw, he noted that Boleslaw had a significant limitation in lumbar flexion (*see Smith v Hartman*, 73 AD3d 736 [2010]; *Quiceno v Mendoza*, 72 AD3d 669 [2010]; *Giacomaro v Wilson*, 58 AD3d 802, 803 [2009]).

Dr. Sharma examined Boleslaw on November 12, 2008. Dr. Sharma stated that Boleslaw had "normal" movements of the neck, but failed to set forth the objective testing done to arrive at that conclusion. Additionally, while Dr. Sharma noted limitations of the lumbar spine, he failed to compare those findings to what was normal (*see Gaccione v Krebs*, 53 AD3d 524 [2008]).

Since the defendant failed to meet his prima facie burden, it is unnecessary to consider whether the papers submitted by the plaintiffs were sufficient to raise a triable issue of fact (*see Coscia v 938 Trading Corp.*, 283 AD2d 538 [2001]).

The Supreme Court properly determined that the plaintiffs' cross motion was untimely. Skelos, J.P., Santucci, Angiolillo, Hall and Roman, JJ., concur.