■ JENNIFER J. RHODES, Respondent, v SUZANNE M. STODDARD, Appellant. [912 NYS2d 908]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Nassau County (Brandveen, J.), entered May 25, 2010, which denied her motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d).

Ordered that the order is affirmed, with costs.

While we affirm the order appealed from, we do so on a ground other than that relied upon by the Supreme Court. The defendant failed to meet her prima facie burden of establishing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). In support of her motion, the defendant relied upon, inter alia, the affirmed medical report of Dr. Jerrold M. Gorski, her retained examining orthopedic surgeon. Dr. Gorski examined the plaintiff on August 4, 2009. At that time, Dr. Gorski noted a significant limitation in the range of motion of the plaintiff's cervical spine (*see Kjono v Fenning*, 69 AD3d 581 [2010]; *Landman v Sarcona*, 63 AD3d 690 [2009]). Moreover, while Dr. Gorski made certain findings with respect to the range of motion of the plaintiff's left shoulder, he failed to compare all of those findings to what is normal (*see Frasca-Nathans v Nugent*, 78 AD3d 651 [2d Dept 2010]; *Chiara v Dernago*, 70 AD3d 746 [2010]; *Page v Belmonte*, 45 AD3d 825, 826 [2007]).

Since the defendant failed to meet her prima facie burden, it is unnecessary to consider whether the papers submitted by the plaintiff in opposition to the motion were sufficient to raise a

triable issue of fact (*see Kjono v Fenning*, 69 AD3d at 582; *Frasca-Nathans v Nugent*, 78 AD3d 651 [2010]). Rivera, J.P., Covello, Eng, Leventhal and Austin, JJ., concur.