■ MARIANA GRISALES et al., Respondents, v CITY OF NEW YORK et al., Appellants, et al., Defendants. [925 NYS2d 633]—

In an action to recover damages for personal injuries, the defendants City of New York, New York City Police Department, and Sean M. Walker appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Flug, J.), dated June 25, 2009, as denied their cross motion for summary judgment dismissing the complaint insofar as asserted against them on the ground that the plaintiffs did not sustain a serious injury within the meaning of Insurance Law § 5102 (d), and the defendant PV Holding Corp. separately appeals from the same order.

Ordered that the appeal by the defendant PV Holding Corp. is dismissed as abandoned (*see* 22 NYCRR 670.8 [e] [1]); and it is further,

Ordered that the order is affirmed insofar as appealed from by the defendants City of New York, New York City Police Department, and Sean M. Walker; and it is further,

Ordered that one bill of costs is awarded to the plaintiffs, payable by the defendants City of New York, New York City Police Department, and Sean M. Walker.

While we affirm the order insofar as appealed from by the defendants City of New York, New York City Police Department, and Sean M. Walker (hereinafter collectively the municipal defendants), we do so on grounds other than those relied upon by the Supreme Court.

The municipal defendants, in support of their cross motion for summary judgment dismissing the complaint insofar as asserted against them, failed to meet their prima facie burden of showing that the plaintiffs did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler,* 79 NY2d 955, 956-957 [1992]). As to the plaintiffs' decedent, Angelica Cuadros, the municipal defendants, in support of their cross motion, relied on, inter alia,

the affirmed medical reports of Dr. Edward M. Adler and Dr. Amy M. Weiss-Citrome. Dr. Adler, an orthopedist, examined Cuadros on September 4, 2008. On that date, while he set forth findings with respect to her right knee range of motion, he failed to compare those findings to what was normal (*see Frasca-Nathans v Nugent*, 78 AD3d 651 [2010]; *Chiara v Dernago*, 70 AD3d 746 [2010]; *Page v Belmonte*, 45 AD3d 825 [2007]; *Malave v Basikov*, 45 AD3d 539 [2007]; *Fleury v Benitez*, 44 AD3d 996 [2007]; *Nociforo v Penna*, 42 AD3d 514 [2007]). Moreover, in the report of Dr. Weiss-Citrome, who examined Cuadros on September 6, 2006, seven months postaccident, she noted significant limitations in Cuadros' cervical and lumbar spine (*see Torres v Torrano*, 79 AD3d 1124 [2010]; *Mondevil v Kumar*, 74 AD3d 1295 [2010]; *Smith v Hartman*, 73 AD3d 736 [2010]; *Quiceno v Mendoza*, 72 AD3d 669 [2010]; *Giacomaro v Wilson*, 58 AD3d 802, 803 [2009]; *McGregor v Avellaneda*, 50 AD3d 749, 749-750 [2008]; *Wright v AAA Constr. Servs., Inc.*, 49 AD3d 531 [2008]; *Scotti v Boutureira*, 8 AD3d 652 [2004]). Furthermore, when Dr. Weiss-Citrome examined Cuadros' knees, she merely concluded that the examination revealed "functional" range of motion, yet failed to set forth the objective testing she performed to arrive at that conclusion (*see Karvay v Gueli*, 77 AD3d 625 [2010]; *Chiara v Dernago*, 70 AD3d 746 [2010]; *Mannix v Lisi's Towing Serv., Inc.*, 67 AD3d 977 [2009]; *Smith v Quicci*, 62 AD3d 858 [2009]; *Giammalva v Winters*, 59 AD3d 595 [2009]).

As to the plaintiff Mariana Grisales (hereinafter Grisales), the municipal defendants, in support of their cross motion for summary judgment, relied upon, inter alia, the affirmed medical report of Dr. Adler, who examined her on September 4, 2008. While he made certain findings with respect to the range of motion of the cervical region of her spine, he failed to compare all of those findings to what was normal (*see Rhodes v Stoddard*, 79 AD3d 997 [2010]; *Frasca-Nathans v Nugent*, 78 AD3d at 651; *Chiara v Dernago*, 70 AD3d at 746; *Page v Belmonte*, 45 AD3d at 826).

Since the municipal defendants failed to satisfy their prima facie burden, it is unnecessary to consider whether the plaintiffs' papers in opposition were sufficient to raise a triable issue of fact (*see Coscia v 938 Trading Corp.*, 283 AD2d 538 [2001]). Accordingly, the Supreme Court properly denied the municipal defendants' cross motion for summary judgment dismissing the complaint insofar as asserted against them. Mastro, J.P., Angiolillo, Chambers and Cohen, JJ., concur.