■ WALTER J. STARKEY et al., Appellants, v THOMAS F. CURRY, Respondent. [941 NYS2d 882]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Dutchess County (Pagones, J.), dated July 29, 2011, which granted the defendant's motion for summary judgment dismissing the complaint on the ground that the plaintiff Walter J. Starkey did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident.

Ordered that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is denied.

The Supreme Court erred in determining that the defendant made a prima facie showing that the plaintiff Walter J. Starkey (hereinafter the injured plaintiff) did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). In support of his motion, the defendant relied upon, among other things, affirmed medical reports of Dr. Robert C. Hendler, the defendant's examining orthopedist, who set forth in his December 16, 2010, report, based upon his examination of the injured plaintiff on December 14, 2010, the range-of-motion findings with respect to the cervical and lumbar regions of the injured plaintiff's spine and his shoulders, but failed to compare those findings to what is normal (*see Ambroselli v Team Massapequa, Inc.*, 88 AD3d 927, 928 [2011]; *Grisales v City of New*

*York*, 85 AD3d 964, 965 [2011]; *Levin v Khan*, 73 AD3d 991 [2010]; *Page v Belmonte*, 45 AD3d 825 [2007]).

Since the defendant failed to meet his prima facie burden, it is unnecessary to consider whether the plaintiffs' opposition papers were sufficient to raise a triable issue of fact (*see Page v Belmonte*, 45 AD3d 825 [2007]; *Coscia v 938 Trading Corp.*, 283 AD2d 538 [2001]).

Accordingly, the Supreme Court should have denied the defendant's motion for summary judgment dismissing the complaint. Dillon, J.P., Angiolillo, Belen and Cohen, JJ., concur.