■ ARMAND GEGA, Appellant, v RUDDY LUBIN et al., Respondents. [18 NYS3d 94]—In an action to recover damages for

personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Lane, J.), dated May 28, 2014, which granted the separate motions of the defendants Ruddy Lubin and Sylvester Okonkwo for summary judgment dismissing the complaint insofar as asserted against each of them on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident.

Ordered that the order is reversed, on the law, with one bill of costs, and the separate motions of the defendants Ruddy Lubin and Sylvester Okonkwo for summary judgment dismissing the complaint insofar as asserted against each of them are denied.

The defendants, moving separately, but relying on the same evidence and arguments, failed to meet their respective prima facie burdens of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). The papers submitted by the defendants failed to adequately address the plaintiff's claim, set forth in the bill of particulars, that he sustained a serious injury under the 90/180-day category of Insurance Law § 5102 (d) (*see Che Hong Kim v Kossoff*, 90 AD3d 969 [2011]; *Rouach v Betts*, 71 AD3d 977 [2010]).

Moreover, the defendants' papers failed to adequately address the plaintiff's claim, set forth in the bill of particulars, that he sustained a serious injury to his right knee under the permanent consequential limitation of use and significant limitation of use categories of Insurance Law § 5102 (d) (*see Starkey v Curry*, 94 AD3d 866 [2012]; *Fudol v Sullivan*, 38 AD3d 593, 594 [2007]).

In light of the defendants' failure to meet their respective prima facie burdens, it is unnecessary to determine whether the papers submitted by the plaintiff in opposition were sufficient to raise a triable issue of fact (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]; *Che Hong Kim v Kossoff*, 90 AD3d at 969). Therefore, the Supreme Court should have denied the defendants' separate motions for summary judgment dismissing the complaint insofar as asserted against each of them. Rivera, J.P., Dickerson, Maltese and LaSalle, JJ., concur.