■ Yevgeniy Pupko, Appellant, v Khaled Eissa Hassan et al., Respondents. [50 NYS3d 295]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Silber, J.), dated May 20, 2015, which granted the defendants' motion for summary judgment dismissing the complaint on the ground that he did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident.

Ordered that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is denied.

Contrary to the plaintiff's contention, the defendants' motion for summary judgment dismissing the complaint was timely (*see* CPLR 2211; *Steisel v Golden Reef Diner*, 67 AD3d 670, 670-671 [2009]; *Kitkas v Windsor Place Corp.*, 49 AD3d 607 [2008]).

Nevertheless, the defendants failed to meet their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). The defendants' expert, who examined the plaintiff, set forth range-of-motion findings for the lumbar region of the plaintiff's spine, but failed to compare those findings to what is normal, and his opinion as to the cause of the alleged injury to the lumbar region of the plaintiff's spine was conclusory and speculative (*see Starkey v Curry*, 94 AD3d 866 [2012]; *Ambroselli v Team Massapequa, Inc.*, 88 AD3d 927, 928 [2011]; *Fudol v Sullivan*, 38 AD3d 593, 594 [2007]).

Since the defendants failed to meet their prima facie burden, it is unnecessary to determine whether the papers submitted by the plaintiff in opposition were sufficient to raise a triable issue of fact (*see Che Hong Kim v Kossoff*, 90 AD3d 969 [2011]).

Accordingly, the Supreme Court should have denied the defendants' motion for summary judgment dismissing the complaint. Mastro, J.P., Chambers, Miller and Barros, JJ., concur.