Carrier v Gleba (2023 NY Slip Op 00406)

Carrier v Gleba

2023 NY Slip Op 00406

Decided on February 1, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 1, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
ANGELA G. IANNACCI
ROBERT J. MILLER
WILLIAM G. FORD, JJ.

2021-05676
 (Index No. 510044/19)

[*1]Alphonso Carrier, respondent, 
v
Vasyl Gleba, et al., appellants.

Hardin, Kundla, McKeon & Poletto, P.A., New York, NY (Eric J. Koplowitz of counsel), for appellants.
Burns & Harris, New York, NY (Mariel Crippen and Christopher Palmieri of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Wavny Toussaint, J.), dated July 16, 2021. The order denied the defendants' motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action to recover damages for personal injuries that he allegedly sustained in a motor vehicle accident. The defendants moved for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident. In an order dated July 16, 2021, the Supreme Court denied the defendants' motion, and the defendants appeal.
The defendants failed to meet their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) (see Toure v Avis Rent A Car Sys., 98 NY2d 345; Gaddy v Eyler, 79 NY2d 955, 956-957). The defendants' expert, who examined the plaintiff, set forth range-of-motion findings for the cervical and lumbar regions of the plaintiff's spine, but failed to compare those findings to what is normal (see Pupko v Hassan, 149 AD3d 988, 989; Starkey v Curry, 94 AD3d 866). Nevertheless, with respect to causation, the defendants demonstrated, prima facie, that the plaintiff's alleged injuries were not caused by the subject accident (see Jilani v Palmer, 83 AD3d 786, 787).
In opposition, however, the plaintiff raised a triable issue of fact as to whether the alleged injuries to the cervical and lumbar regions of his spine were caused by the accident (see id. at 787). We have not considered the defendants' contention regarding a gap in treatment, since it was improperly raised for the first time in their reply papers and not addressed by the Supreme Court in its order (see Diaz-Montez v JEA Bus Co., Inc., 175 AD3d 1384, 1386; Davis-Hassan v Siad, 101 AD3d 932, 933).
Accordingly, the Supreme Court properly denied the defendants' motion for summary judgment dismissing the complaint.
CONNOLLY, J.P., IANNACCI, MILLER and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court