| |
|---|
| **Collado v Chiarello** |
| 2024 NY Slip Op 31537(U) |
| April 30, 2024 |
| Supreme Court, Kings County |
| Docket Number: Index No. 526311/2019 |
| Judge: Francois A. Rivera |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

At an IAS Term, Part 52 of
the Supreme Court of the
State of New York, held in
and for the County of Kings,
at the Courthouse, at Civic
Center, Brooklyn, New York,
on the 30th day of April 2024

HONORABLE FRANCOIS A. RIVERA

----------------------------------------------------------------------X

CAROLINA COLLADO

Plaintiff,

- against -

JAMES CHIARELLO, METRO PROVISIONS CORP.
HENRY M HARVARD AND HENRY R. ROBINSON

Defendants.

----------------------------------------------------------------------X

**DECISION & ORDER**

Index No.: 526311/2019

Recitation in accordance with CPLR 2219 (a) of the papers considered on notice of motion filed on May 27, 2022, under motion sequence number eight, by defendants James Chiarello and Metro Provisions Corp. (hereinafter the movants) for an order pursuant to CPLR 3212 granting summary judgment in their favor and dismissing the complaint on the basis that Carolina Collado (hereinafter the plaintiff) did not suffer a serious injury as defined in Insurance Law § 5102 (d). The motion is opposed.

-Notice of motion
-Affirmation in support
    Exhibits A-J
-Statement of material facts
-Affirmation in opposition
    Exhibits A-K
-Counter Statement of material facts
-Affirmation in reply

**BACKGROUND**

On December 3, 2019, plaintiff commenced the instant action (action number one) for damages for person injuries sustained in a motor vehicle accident by filing a summons and verified complaint with the Kings County Clerk's office (KCCO).

On January 27, 2020, defendants James Chiarello and Metro Provisions Corp. joined issue by interposing and filing a joint answer with cross claims with the KCCO.

Page 1 of 4

[* 1]

On January 27, 2020, defendants Henry M. Harvard and Henry R. Robinson joined issue by interposing and filing a joint answer with cross claims with the KCCO.

On February 11, 2020, defendants James Chiarello and Metro Provisions Corp. interposed and filed a joint reply to the cross claim asserted by defendants Henry M. Harvard and Henry R. Robinson with the KCCO.

On February 21, 2020, defendants Henry M. Harvard and Henry R. Robinson interposed and filed a joint reply to the cross claim asserted by defendants James Chiarello and Metro Provisions Corp. with the KCCO. On April 8, 2022, plaintiff filed a note of issue.

On January 21, 2021, Henry M. Harvard commenced a separate action for damages for person injuries sustained in the same a motor vehicle accident (action number two) by filing a summons and verified complaint with the Kings County Clerk's office (KCCO).

On April 1, 2021, defendants James Chiarello and Metro Provisions Corp. interposed and filed a joint answer to the complaint of Henry M. Harvard in action number two with the KCCO. By order dated May 27, 2021, action number one and action number two were joined for discovery and trial.

## LAW AND APPLICATION

According to the verified compliant in action number one, Carolina Collado was injured on August 5, 2019. On that date she was a seated passenger in a vehicle operated by Henry M. Harvard and owned by Henry R. Robinson bearing South Carolina State registration number MHN797. On that date, Henry M Harvard was driving on Ashford Street at or near its intersection with Linden Boulevard in the County of Kings, State of New York when his vehicle collided with a motor vehicle operated by James Chiarello and owned by Metro Provisions Corp. bearing New York State registration number FFM8328 (hereinafter the subject accident). The subject accident was caused by Henry M. Harvard and James Chiarello's negligent operation of their respective vehicles. The subject accident caused the plaintiff to sustain serious physical injury.

Carlina Collado's verified complaint and verified bill of particulars allege that due to the subject accident she sustained post-concussion headache syndrome, injury to the left shoulder, and injury to the cervical, thoracic, and lumbar spine.

It is well established that summary judgment may be granted only when it is clear that no triable issue of fact exists (*Alvarez v Prospect Hospital*, 68 NY2d 320, 325

Page 2 of 4

[* 2]

[1986]). The burden is upon the moving party to make a prima facie showing that he or she is entitled to summary judgment as a matter of law by presenting evidence in admissible form demonstrating the absence of material facts (*Giuffrida v Citibank Corp.,* 100 NY2d 72, 81 [2003]).

A failure to make that showing requires the denial of the summary judgment motion, regardless of the adequacy of the opposing papers (*Ayotte v Gervasio,* 81 NY2d 1062, 1063 [1993]). If a prima facie showing has been made, the burden shifts to the opposing party to produce evidentiary proof sufficient to establish the existence of material issues of fact (*Alvarez,* 68 NY2d at 324).

"A motion for summary judgment shall be supported by affidavit, by a copy of the pleadings and by other available proof, such as depositions and written admissions" (*Poon v Nisanov,* 162 AD3d 806 [2d Dept 2018], quoting CPLR 3212 [b];). "The moving party's submissions must show that there is no defense to the cause of action or that the cause of action or defense has no merit" (*Poon v Nisanov,* 162 AD3d 804, 806 [2d Dept 2018], quoting CPLR 3212 [b])

Insurance Law § 5102 (d) defines serious injury as "a personal injury which results in death; dismemberment; significant disfigurement; a fracture; loss of a fetus; permanent loss of use of a body organ, member, function or system; permanent consequential limitation of use of a body organ or member; significant limitation of use of a body function or system; or a medically determined injury or impairment of a non-permanent nature which prevents the injured person from performing substantially all of the material acts which constitute such person's usual and customary daily activities for not less than ninety days during the one hundred eighty days immediately following the occurrence of the injury or impairment" (Insurance Law § 5102 [d]).

"A defendant can establish that the plaintiff's injuries are not serious within the meaning of Insurance Law § 5102 (d) by submitting the affidavits or affirmations of medical experts who examined the plaintiff and conclude that no objective medical findings support the plaintiff's claim" (*Nuñez v Teel,* 162 AD3d 1058, 1059 [2d Dept 2018], quoting *Grossman v Wright,* 268 AD2d 79, 83-84 [2d Dept 2000]). "With this established, the burden shifts to the plaintiff to come forward with evidence to overcome the defendant's submissions by demonstrating a triable issue of fact that a serious injury was sustained within the meaning of the Insurance Law (*Grossman,* 268 AD2d at 84). "The plaintiff in such a situation must present objective evidence of the injury" (*id.*).

In support of the motion the movants submitted, among other things, the affirmed reports of Dr. Victor Sasson, an orthopedic surgeon, Dr. Marshall Keilson, a neurologist, and Dr. Jonathan S. Luchs, a radiologist. On February 8, 2021, Dr. Sasson conducted an independent medical examination of the plaintiff and offered an opinion regarding

Page 3 of 4

[* 3]

plaintiff's injuries. Among the range of motion testing Dr. Sasson performed was a straight leg raise test. He indicated that the test was negative bilaterally. Dr. Sasson did not compare his findings to what is normal in the straight leg raise test (*see Shirman v Lawal*, 69 AD3d 838, 839 [2d Dept 2010], citing *Walker v Public Adm'r of Suffolk County*, 60 AD3d 757, 757 [2d Dept 2007]).

Dr. Sasson also stated that plaintiff's complaints of headaches, dizziness, and post-concussion headache syndrome as mentioned in the bill of particulars were beyond the scope of this examination and should be referred to the appropriate specialty. Dr. Keilson did not address plaintiff's claim of post-concussion headache syndrome, nor plaintiff's alleged injury to the left shoulder. Nor did he examine the plaintiff's thoracic spine.

In sum, the affirmed reports of the physicians submitted by the movants did not address all areas of claimed injuries clearly set forth in the plaintiff's bill of particulars nor did they compare their findings to what is normal (*see Hye Shin Hwang v Hee Jin Lim*, 184 AD3d 812, 812-13 [2d Dept 2020].

For all the foregoing reasons, the movants failed to meet their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Pupko v Hassan*, 149 AD3d 988, 989 [2d Dept 2017], citing *Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *see Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]).

Inasmuch as the movants have failed to meet their prima facie burden, "it is unnecessary to determine whether the papers submitted by the plaintiff in opposition were sufficient to raise a triable issue of fact" (*Espinal v Shortis*, 164 AD3d 1217, 1218 [2d Dept 2018], citing *Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

## CONCLUSION

The motion by defendants James Chiarello and Metro Provisions Corp. for an order pursuant to CPLR 3212 granting summary judgment in their favor and dismissing the verified on the basis that Carolina Collado did not suffer a serious injury as defined in Insurance Law § 5102 (d) is denied.

The foregoing constitutes the decision and order of this Court.

ENTER:

_____
J.S.C.
HON. FRANCOIS A. RIVERA

[* 4]